### MALCOLM CHANDLER *vs.* SAMUEL SANGER & another.

A payment by a person to free his goods from an attachment, put on for the purpose of extorting money, by one who knows that he has no cause of action, is a payment under duress, and the money paid can be recovered back in an action for money had and received, without proof of the termination of the suit in which the attachment was made.

CONTRACT for money had and received. At the trial in the Superior Court, before *Rockwell*, J., the plaintiff, in opening his case, stated that he expected to prove that the plaintiff was a dealer in ice, and furnished ice each week day to parties in Boston, under contracts to furnish a certain amount daily, upon all week days; that his custom was to have his carts loaded by twelve o'clock on Sunday night, in order to start early Monday morning; that any failure on the part of the plaintiff to furnish his customers with ice on Monday would be a great injury to him; that Monday morning, July 12, 1869, he had standing in his sheds at Brighton, adjoining his ice-house, five heavy two-horse teams loaded with ice, ready to start for Boston before light; that the defendant Sanger held his promissory note and had proved it against his estate in insolvency; that in the insolvency proceeding he had obtained his discharge; that the defendants knew these facts; that the defendant Sanger and the other defendant, who was an attorney at law, brought an action on this promissory note, under circumstances which would satisfy the jury that the action was commenced and carried on by them fraudulently, with the purpose of extorting money from the plaintiff by duress, under color of legal process; that in pursuance of this purpose, they went about two o'clock on Monday morning with a writ in the hands of an officer and made an attachment of the carts, horses and harnesses; that the attorney at law, who had been with the officer in making the attachment, went to the plaintiff's house and informed him of the attachment, and told him that none of the property so attached could go to Boston unless the claim should first be settled by the payment of $300; that the plaintiff told the attorney that he did not owe anything, and said he would dissolve the attachment by giving a bond; that the

attorney then told him that it would take three days to dissolve it, and that for that time the property would be held under it, and that his discharge in insolvency did not cut off the claim; that the plaintiff believed these statements, and being ignorant of the method of dissolving attachments and being in fear of great loss in his business, to relieve the property from attachment, he paid the $300 to the attorney under protest, stating that he should claim and enforce his rights, and recover back the money.

The presiding judge being of the opinion that these facts, if proved, would not sustain the action, so ruled; whereupon, by consent of the parties, he reported the case to this court for their decision. It was agreed that if the court should be of opinion that these facts, if proved, were sufficient to sustain the action, then it was to stand for trial; otherwise judgment was to be entered for the defendants.

*G. Stevens & J. F. Colby*, for the plaintiff.

*T. H. Sweetser*, (*J. W. Hammond* with him,) for the defendants.

GRAY, J. This is not an action of tort, to recover damages for malicious prosecution, or abuse of legal process, but an action of contract, in the nature of assumpsit, for money had and received by the defendants, which they have no legal or equitable right to retain as against the plaintiff. Although the process sued out for the defendant was in due form, yet if, as was offered to be proved at the trial, he fraudulently, and knowing that he had no just claim against the plaintiff, arrested his body or seized his goods thereon, for the purpose of extorting money from him, then, according to all the authorities, the payment of money by the plaintiff, in order to release himself or his goods from such fraudulent and wrongful detention, was not voluntary, but by compulsion; and the money so paid may be recovered back, without proof of such a termination of the former suit as would be necessary to maintain an action for malicious prosecution. *Watkins* v. *Baird*, 6 Mass. 506. Shaw, C. J., in *Preston* v. *Boston*, 12 Pick. 7, 14. *Benson* v. *Monroe*, 7 Cush. 125, 131. *Carew* v. *Rutherford*, 106 Mass. 1, 11 *et seq. Richardson* v. *Duncan*, 3 N. H. 508. *Sartwell* v. *Horton*, 28 Vt. 370. Gibson, C. J., in

*Colwell* v. *Peden*, 3 Watts, 327, 328. *Cadaval* v. *Collins*, 4 **A.** & E. 858; *S. C.* 6 Nev. & Man. 324. Parke, B., in *Oates* v. *Hudson*, 6 Exch. 346, 348, and in *Parker* v. *Bristol & Exeter Railway Co.* Ib. 702, 705. *New trial ordered.*