Herriman v. The B., C. R. & N. R. Co.

HERRIMAN v. THE B., C. R. &. N. R. Co.

1. **Railroads**: STATUTE PENALTIES: LIMITATION. An action under Chapter 68, acts 15th, General Assembly, to recover the " forfeiture " as provided therein, is an action to recover a statute penalty; that provision is criminal rather than remedial; and the limitation for the recovery of statute penalties applies.

2. ———: ———: NOT BARRED. Where the statute imposes two distinct, not alternative, penalties for the same act, the enforcement of one will not bar the enforcement of the other.

3. ———: FORFEITURE: LIMITATION. The essential idea of " forfeiture " is a loss of property by way of punishment, and as used in the statute it indicates something more than compensation; and where so much of the claim as embraces a statute penalty is barred, the whole will be barred, for the same provisions of the statute of limitations must be applied to the entire claim.

*Appeal from Fayette Circuit Court.*

TUESDAY, OCTOBER 25.

THE plaintiff avers that in February and March, 1879, he shipped from West Union to Postville, Iowa, certain grain,

seed and pork, over the defendant's road; that the defendant demanded of him and received as freight for such shipment, $265.50 more than was allowed by law; that the defendant did so in violation of law to the damage of the plaintiff in five times the amount of the overcharge, to-wit, the sum of $1,327.50, for which he asks judgment.

The defendant demurred to the petition on the ground that it showed that the recovery sought was for a statute penalty, and that the cause of action having accrued, if at all, more than two years prior to the commencement of the action, is barred by the statute of limitations. The court sustained the demurrer, and the plaintiff standing by his petition, judgment was rendered for the defendant. The plaintiff appeals.

*Rickel, West & Eastman*, and *D. W. Clements*, for appellants.

*J. & S. K. Tracy*, for appellee.

ADAMS, CH. J.—Action to recover a statute penalty must be brought within two years from the time the cause of action accrued. Code, § 2529. If the recovery sought in this case is for a statute penalty the action is barred. Whether the recovery sought is for a statute penalty is the question in the case.

The amount claimed which is precisely five times the alleged overcharge would seem to indicate that the action was brought under chapter 68 of the laws of the 15th General Assembly. We could not say absolutely from the petition that it was, but the counsel upon both sides have so treated the action in their arguments, and we think that we ought to assume that it should be so treated by us.

That statute fixed certain maximum rates of charges for transportion of freight and provided that a violation of the act by demanding more than the maximum rates should be deemed a misdemeanor, to be punished by a penalty of forfeit-

ure of five hundred dollars to the school fund. It also provided that for a violation of the act the company should "forfeit and pay to the person injured five times the amount of compensation or charges illegally taken or demanded, or five times the amount of damages caused as the case may be," etc.

The plaintiff insists that notwithstanding the use of the word "forfeit" the action is to be regarded as brought for indemnity, and that the provision allowing a recovery of five times the amount of the overcharge was designed merely to fix the measure of the plaintiff's indemnity. He relies on *Koons v. Chicago & N. W. Railway Company*, 23 Iowa, 493. That action was brought under the statute allowing double damages for stock injured where a notice has been given, etc. The action not having been brought within two years from the time the cause of action accrued, the defendant claimed that the action was barred. The question presented was as to whether the recovery sought was for a statute penalty, and it was held that it was not.

1. RAIL-ROADS: statute penalty; limitation.

It appears to us, however, that there is a marked distinction between the statute under which that action was brought and the statute under which this is brought. In that case the court said: "This law does not give to the injured or aggrieved party a fixed statutory recompense for the wrong, but without speaking of forfeiture or penalty, gives damages to the extent of the injury, and, in action brought, double that amount for the neglect or refusal to pay after due notice." The court further said: "It is well to remember that the amount of injury in these cases is usually not large, and that the expense of litigation is frequently as great as the value of the property destroyed. The purpose of the statute was compensation to the owner rather than the punishment of the company. If a case arises entitling a party to relief, simple, actual compensation is all that the company is required to make if it shall comply with the owner's demand. If it resists, however, his claim af-

ter due notice, and he shall be compelled to resort to the court, then his compensation is to be double this amount." We have quoted somewhat fully in order to set forth the principles upon which the decision was deemed to rest. It will be seen that the fact that neither the word *forfeiture* nor *penalty* was used was deemed significant. The statute under which the present action is brought expressly provides, that the company shall pay the amount recoverable as a forfeiture. Again the double damages for injury to stock are allowed by reason of the neglect to pay single damages. The design is, as the court thought in the case cited, to stimulate the company to the payment of the single damages without delay or litigation. The forfeiture under the statute in question takes place immediately upon the overcharge being made, and because a misdemeanor has thereby been committed. No offer to refund the amount of the overcharge would prevent the enforcement of the forfeiture. This to our mind shows very clearly that the essential object of the provision was not to afford the aggrieved individual an adequate remedy, but to protect the public by deterring railroad companies from committing the misdemeanor which a violation of the act was declared to be. The provision then is essentially criminal rather than remedial. This is sufficient to enable us to determine what statute of limitations applies. We might concede that the provision has a remedial element in it, but that would not change the case if such is not the essential element.

But it is urged by the plaintiff that if the provision is to be regarded as criminal, then an action in the name of the State 2. ——: ——: to enforce the forfeiture provided in behalf of the not barred. school fund, should be held to be a bar to an action to enforce the forfeiture provided in behalf of the aggrieved individual.

But where the statute imposes two distinct penalties for the same act, as in this case, and the penalties are not alternative, the enforcement of one should not, we think, prevent the

enforcement of the other. In our opinion the demurrer was properly sustained.

AFFIRMED.

### SUPPLEMENTAL OPINION.

ADAMS, CH. J.—A petition for a rehearing having been filed, we have re-examined the case in the light of it; and have to say that while many considerations of no little weight are urged in favor of a reversal, we feel reasonably satisfied .with the conclusion reached, and think that the petition must be overruled. We deem it proper, however, to add a few words to what we have already said:

In holding that the recovery sought is for a statute penalty we do not claim that the ruling can be supported by reasoning, 3. ——: for-having the force of a mathematical demonstration. feiture : lim-itation. The recovery given, is given to the aggrieved party, and was doubtless designed to cover the damages sustained by him, and bar any other recovery. Looking at the provision in this aspect simply, it would seem to be remedial. And while the word *forfeit* is used, it has been held that the use of such word does not prevent the recovery from being regarded simply as a remedy. *Stockwell v. United States*, 13 Wall., 531. Yet we think that it cannot be denied that the essential idea of forfeiture is a loss of property inflicted by way of punishment. See Bouviers' Law Dictionary, and cases cited. In confirmation of this view we showed that this court in *Koons v. C. & N. W. R. Co.*, had deemed the absence of the word *forfeiture* significant as indicating that punishment was not intended; and so we thought that the same court should deem the presence of the word significant as indicating that punishment was intended. Because one legislative body has departed in the use of the word from its strict meaning, and used it without intending punishment, it does not follow that our legislature made the same departure. We cannot hold that it did, unless the whole provision taken together

would so indicate. Now, when we come to look into the statute, we find the recovery given a very extraordinary one, if regarded as intended to be mere compensation. Double damages, as in *Koons v. Railroad Co.*, may well enough be held to be intended as mere compensation, but it does not follow that quintuple damages could be so held with the same propriety. We do not say that the size of the multiple is to be urged as conclusive. Probably it should not. The most that we can say is, that taking the provision altogether we cannot divest our minds of the conviction that something more than compensation was intended—something by way of punishment to secure compliance with the law. If we are correct, then the plaintiff is seeking to recover something as a statute penalty, and he should, we think, have brought his action within the shorter period of limitation.

At this point we are met with the proposition that while it may be true that so much of the plaintiff's claim as embraces a statute penalty may be barred, yet the whole is not barred, and, therefore, the demurrer was improperly sustained. To this we think that it may be said that the claim must be regarded as a unit, and we cannot apply one provision of the statute of limitations to one part of it and another provision to another part.