HEISERMAN ET AL. v. THE BURLINGTON, CEDAR RAPIDS & NORTHERN RAILWAY CO.

1. **Railroads:** CONTRACT FOR SHIPMENT: COMMERCE BETWEEN THE STATES: WHAT IS NOT. Where a railroad company within the state accepts goods destined for a point in another state, but contracts with the shipper that its responsibility shall cease when it carries the goods to another point within this state, and there delivers them to another carrier, the contract does not relate to commerce between the states, but is one to be wholly performed within this state, and which may be controlled by the legislature of this state, without any violation of the constitution of the United States.

2. ———: EXCESSIVE CHARGES BY: COMMON-LAW RIGHT TO RECOVER BACK: NO PROTEST NECESSARY: STATUTE OF LIMITATIONS. Where a common carrier demands and receives an excessive charge for carrying merchandise, the person paying the same has a right at common law, independent of any statute, and not affected by chapter 68, Acts of Fifteenth General Assembly, to recover back the excess so paid; and, to do so, it is not necessary that the payment be made under protest. (See authorities collated by Beck, J.) Such action, being not to recover

the penalty provided by statute, but to recover upon an implied contract, is not barred until the expiration of five years from the time of payment. Compare *Herriman v. The B., C. R. & N. R'y Co.*, 57 Iowa, 187.

3. ———: UNLAWFUL CHARGES BY ARE CONCLUSIVELY UNREASONABLE. Where the statute fixes the maximum charges which may be made by a railroad company for carrying freight, it determines conclusively that charges in excess of those so fixed are unreasonable; and, in an action to recover back charges in excess of those fixed by statute, all evidence offered to prove that the excessive charges were reasonable is immaterial.

## *Appeal from Fayette Circuit Court.*

### THURSDAY, APRIL 10, 1884.

ACTION at law to recover certain sums paid by plaintiff to defendants for the transportation of grain upon defendant's railroad, in excess of reasonable and just charges therefor. The cause was tried to the court without a jury, and judgment was rendered for defendants. Plaintiffs appeal. The facts of the case are fully stated in the opinion.

*Stoneman, Rickel & Eastman*, for appellants.

*J. & S. K. Tracy*, for appellee.

BECK, J.—I. The petition alleges that between the twenty-eighth day of August, 1877, and the fourth day of February, 1878, the plaintiffs delivered to defendant for transportation upon its railroad, from West Union to Postville, Cedar Rapids and Burlington, all points within this state, certain large quantities of grain, to be delivered to connecting lines of railroad, for transportation to Milwaukee, in the state of Wisconsin; that no other railroad than defendant's reached West Union, and plaintiffs were, therefore, compelled to procure transportation upon it; and that defendant charged and exacted large sums in excess of reasonable and just charges for the transportation of the grain, which plaintiffs were compelled to pay. The number of shipments, the quantity of grain in each, the charges paid,

and the sums paid in each instance in excess of reasonable charges, and other particulars, are shown by an exhibit to the petition, which need not be now particularly noticed.

As defenses to the action, defendant alleges: *First*, that the grain in question was transported by defendant as shipments from West Union to Milwaukee, in "through" cars and upon "through" bills of lading, and that the contract for transportation pertained to commerce between the states, and that the statute of this state, then in force, prescribing the charges which could be lawfully made for the transportation of property upon railroads, was, therefore, inapplicable and inoperative as to the transaction in question, being, as to them, in conflict with the constitution of the United States; *Second*, that plaintiffs "knowingly, voluntarily and willingly" paid the charges, now claimed by them to be excessive and unreasonable; and, *Third*, that the action is barred by the statute of limitations. The defendant alleges in its answer that the charges of which plaintiffs complain, were reasonable, and that the contracts for the transportation of the grain were to be performed by the delivery at Milwaukee, in the state of Wisconsin. The allegations of the pleadings in the case need not be further referred to or recited.

II. The evidence, without contradiction, establishes that it was the purpose of plaintiffs to ship the grain in question to Milwaukee, or other points out of this state, and that it was delivered in the cars of defendant, or in cars in use upon its road, at West Union. The contract for transportation between the parties, in each instance, was expressed by an instrument in writing, in the following form and language:

1. RAILROADS: contract for shipment: commerce between the states: what if not.

"BURLINGTON, CEDAR RAPIDS & NORTHERN R'Y CO.

" No— West Union Station, Nov. 15, 1877.

"*Received from* Heiserman & Herriman, in apparent good order, by the Burlington, Cedar Rapids & Northern Railway Co., the following described packages, marked and numbered

Heiserman et al. v. The Burlington, Cedar Rapids & Northern Railway Co.

as per margin, subject to the conditions and regulations of the published tariff of said railway, to be transported over the line of this railway to Postville, and delivered, after payment of freight, in like good order, to C., M. & St. Paul, a company or carrier, (if the same are so forwarded beyond the line of this railway), to be carried to the place of destination; it being expressly agreed that the responsibility of this railway shall cease at this railway's depot, at which the same are to be delivered to such carrier; but this railway guarantees that the rate of freight for the transportation of said packages from the place of shipment to——shall not exceed ——per——and charges advanced by this railway.

*Marks and Consignee*, Chandler, Brown & Co.
*Destination*, Milwaukee, Wis.

| NO. PACKAGES. | DESCRIPTION OF ARTICLES. | WEIGHT. |
|---|---|---|
| 1402 | Bulk Wheat. | |
| B., C. R. & N. | U or L | |

"J. F. MILLER, *Agent*."

This contract in the plainest language provides for transportation to Postville, and no farther. While it provides for the delivery of the grain to another railroad company, yet defendant's obligation, under the contract, was fully performed when this was done, and, by the express language of the instrument, defendant's responsibility ceased when it delivered the grain to another carrier. The facts established by the evidence, that defendant's compensation was fixed by contract with the connecting line at Postville, and, for the whole route taken together, the charges were reasonable, and even less than was provided for by the statute of the state then in force, cannot affect or modify the controlling point in the case, namely, that the contract was wholly per-

formed in this state by the delivery of the grain at Postville, and that it provided transportation between points within the state, and did not extend to carrying the grain without the state. Discussion can add nothing to the conclusiveness of our position, based upon the obvious meaning of the contract.

III. It will be observed that this action is not brought to recover the penalties for over-charges by the railroad companies, provided by chapter 68, Acts of the Fifteenth General Assembly, in force when the acts complained of by plaintiffs were done. The plaintiffs seek to recover the sums paid by them in excess of reasonable charges, and nothing more. The liability of defendant for money collected for the transportation of property, in excess of reasonable charges, existed at common-law. The enactment of a statute imposing penalties for excessive charges, recoverable by the party injured, or providing that for exacting and collecting them the agent of the railroad company shall be guilty of a misdemeanor, does not take away the right existing at common-law to recover money paid in excess of reasonable charges. See *City of Dubuque v. Ill. Cen. R'y Co.*, 39 Iowa, 56; *City of Burlington v. B. & M. R'y Co.*, 41 Id., 134; *Crittenden v. Wilson*, 5 Cow., 165; *Gooch v. Stephenson*, 13 Me., 371; *Candee v. Howard*, 37 N. Y., 653. ¶ The injured party may waive the tort created by statute, and sue upon the implied contract raised by the law, whereby the carrier is obliged to repay the consignee or consignor of the property all sums exacted in excess of reasonable compensation. Nor need the plaintiff, in a case brought to enforce such an obligation, show objection or protest prior to the payment made in excess of a reasonable compensation. These rules are founded upon the consideration that railroad companies are public carriers, and those who employ them are in their power, and must bow to the rod of authority which they hold over consgnors and consignees of property trans-

2. ——: excessive charges by: common-law right to recover back: no protest necessary: statute of limitations.

ported by them. If the consignor refuses to pay or contract to pay the charges fixed by the railroad company, his goods will not be carried; or, if the consignee refuses to make the payment demanded, the goods will not be delivered. In both cases great loss and even destruction of profitable business will result. If railroad companies should be held free from liability for excessive charges, the whole business of the country would be subject to unjust exactions, resulting in oppression to citizens and destruction to useful and profitable business. The law does not require objection or protest to the payment of unjust charges, for the reason that they would be vain, being addressed to those who occupy the commanding position of power to enforce obedience to their requirements. For another reason they are not required: Those who do business with railroads never come in contact with the officers who possess authority to fix or abate rates of charges; indeed, they usually hardly know their names or where to find them. Their places of business are usually in cities, distant from points where much of the property is received for transportation. If the consignee should be required to make objection or protest to these officers, delays would follow, resulting in loss and, in the case of the shipment of some kinds of perishable property, in its decay. These considerations take the case from the operation of the familiar rule which forbids recovery on account of payments voluntarily made without objection or protest. This rule does not apply to cases of compulsory payments, and does not require objection and protest when they would be unavailing and vain. The doctrines we have expressed are supported by the following authorities. *Chicago & Alton R'y Co. v. Coal Co.*, 79 Ill., 121: *Mobile & M. R'y Co. v. Steiner et al.*, 61 Ala., 559; *Parker v. Great Western R'y Co.*, 7 Man. & Gr., 253; *Harmony v. Bingham*, 12 N. Y., 99; *Chandler v. Sanger et al.*, 114 Mass., 364; *Stephan v. Daniels et al.*, 27 Ohio, 527; *Robinson v. Ezzell*, 72 N. C., 231; *Carew v. Rutherford et al.*, 106 Mass., 1; *Lafayette & I. R'y Co., v. Pattison*, 41 Ind.,

312; *Philanthropic Building Ass. v. McKnight*, 35 Pa. St., 470; *Wood v. Lake*, 13 Wis., 84; *Wheaton v. Hibbard*, 20 Johns., 290; *Thomas v. Shoemaker*, 6 Watts & S., 179; *Palmer v. Lord*, 6 Johns. Ch., 95; *State Bank v. Ensminger*, 7 Blackf., 105.

IV. The action, as we have shown, is not brought to recover the penalty provided by statute, which is barred by the statute of limitations in two years. *Herriman v.* THE SAME. *B., C. R. & N. R'y Co.*, 57 Iowa, 187. Being an action to recover upon an implied contract, it is not barred until the expiration of five years.

V. The statute in force at the time of the transctions in question, (chapter 68, Acts Fifteenth General Assembly,) fixed charges which could be lawfully made by railroad corporations for the transportation of property. Charges in excess of those prescribed were unlawful. This statute conclusively determines the charges which shall be considered reasonable. Unlawful charges surely will be regarded as unreasonable, for the courts cannot give protection to acts which are unlawful, and hold that such acts create or defeat rights. Courts will not, in this way, encourage the violation of statutes. In all cases when statutes fix compensation to be paid for services, recovery for a greater sum cannot be had on the ground that it is reasonable and just. The statute having fixed the measure of compensation, no greater sum can be lawfully demanded or received.

*3. ——: unlawful charges by are conclusively unreasonable.*

VI. Certain evidence was admitted against plaintiffs' objection, tending to show the amount of the charges upon the grain after it was shipped from the terminus of THE SAME. defendant's lines of road in this state, and that the charges paid defendant were reasonable. In order to establish these facts, defendants were permitted to introduce evidence tending to show the contracts and arrangements existing between defendant and connecting lines for the transportation of property beyond the limits of the state, and other like matters.

The evidence of this character, being immaterial, was erroneously admitted. The contract between the parties fixed the points within the state to which defendant became bound to transport the grain; the law fixed what must be regarded as reasonable charges for defendant's services. All evidence tending to vary the express terms of this contract, or prove that charges higher than those fixed by the statute were reasonable, was incompetent.

The judgment of the circuit court is reversed, and the cause will be remanded for proceedings in harmony with this opinion.

REVERSED.