[No. 7984. Department Two. September 16, 1909.]

O. L. THISLER, *Appellant*, v. W. B. STEPHENSON, *Respondent*.[1]

LIMITATION OF ACTIONS—REMOVAL OF BAR—CONTRACTS—DEFINITE-NESS. A written promise to pay the principal of a promissory note for one thousand dollars, held and owned by O. L. T. of Chapman, Kansas, as soon as the promisor is able to spare the money or a reasonable time, sufficiently identifies a note for $1,006.50 passed between the parties, and is sufficiently explicit to remove the bar of the statute of limitations, under Bal. Code, § 4816, relating to a new promise in writing signed by the party to be charged.

BILLS AND NOTES—CONDITIONS—NEW PROMISE TO PAY WITHIN REASONABLE TIME. Upon a promise to pay a note as soon as the promisor "is able to spare the money, or a reasonable time," is not a promise to pay upon condition, but is an absolute promise to pay within a reasonable time, which has expired after the lapse of nearly three years.

Appeal from a judgment of the superior court for Whitman county, Chadwick, J., entered July 13, 1908, in favor of the defendant, upon sustaining a demurrer to the complaint, in an action on contract. Reversed.

*J. N. Pickrell*, for appellant.

*R. L. McCroskey*, for respondent.

MOUNT, J.—The lower court sustained a demurrer to the complaint in this action. The plaintiff stood upon the alle-

[1]Reported in 103 Pac. 987.

gations of the complaint and the action was dismissed. Plaintiff appeals.

The complaint alleges in substance that in the year 1891 the appellant sold and delivered a stallion to respondent and his brother for the sum of $2,000; that thereafter the respondent and his brother paid to the appellant the purchase price of the stallion, less the sum of $1,006.50, for which sum the respondent, on March 11, 1893, executed and delivered to appellant his promissory note, payable six months after date, with interest at the rate of 1% per month; that said note has not been paid, and that on September the 30th, 1905, the respondent made the following promise in writing:

"Winona, Wash., Sept. 30, 1905.

"Articles of agreement made this date, by and between Wm. Stephenson, party of the first part, and O. L. Thisler, party of the second part, as follows:

"Party of the first part agrees to pay the principal of one certain promissory note of one thousand dollars, without accrued interest. Said note is held and owned by O. L. Thisler, of Chapman, Kansas, and the conditions of this contract is that said note shall not be transferable.

"This contract does not put said note in full force, but I agree to pay said note as soon as I am able to spare the money, or a reasonable time.          W. B. Stephenson";

that the note referred to is the note mentioned above, and the only note held by appellant against respondent; that after respondent agreed in writing to pay the principal of said note, and acknowledged the debt evidenced thereon, he has failed and refused to pay the same, and more than a reasonable time has elapsed since the execution of said writing.

It will be noticed that on September 30, 1905, the original indebtedness from respondent to appellant was more than twelve years past due, and was therefore barred by the statute of limitations, Bal. Code, § 4798 (P. C. § 281). The question in the case is, did the writing of September 30, 1905, above quoted, remove the bar of the statute under Bal. Code,

§4816 (P. C. § 300), which provides that: "No acknowledgment or promise shall be sufficient evidence of a new continuing contract . . . unless the same is contained in some writing signed by the party to be charged thereby."

The rule in this class of cases is stated in *Bank of Montreal v. Guse*, 51 Wash. 365, 98 Pac. 1127, as follows:

"It is well established that, where acknowledgment alone is relied upon, the expression of the acknowledgment must be clear and unequivocal and made with reference to a particular debt which is subsisting at the time. The acknowledgment must be so clear that a promise to pay must necessarily be implied."

And in *Liberman v. Gurensky*, 27 Wash. 410, 67 Pac. 998:

"An acknowledgment or promise made *after* the bar of the statute creates a new contract. *McCormick v. Brown*, 36 Cal. 180, 95 Am. Dec. 170. When the creditor sues on such new contract, the burden is justly cast upon him to establish the particular debt to which the acknowledgment or promise applies, and mere proof of the acknowledgment or promise is not sufficient. There must be at least the *prima facie* proof that the acknowledgment or promise applies to the particular debt sought to be recovered under the allegations of the complaint. As was said by the supreme court of Colorado in *Sears v. Hicklin*, 3 Colo. App. 331, 33 Pac. 137:

" 'Although, after a new promise, the action can be maintained upon the original consideration, recovery can only be had upon the new contract to pay; hence, it must have the necessary elements of a contract. It must be a full recognition of the indebtedness evidenced by the note, and a promise to pay that particular debt. It was very proper that the promise should have been required to be so limited as to apply to the particular note. A general admission of indebtedness would not answer the purpose. The rule is well settled that 'there must not be any uncertainty as to the particular debt to which the admission applies. It must be so distinct and unambiguous as to remove all hesitation in regard to the debtor's meaning.'

"In *Bell v. Morrison*, 1 Pet. 351, Judge Story said:

" 'If the bar is sought to be removed by the proof of a new promise, that promise, as a new cause of action, ought

to be proved in a clear and explicit manner, and be in its terms unequivocal and determinate.' "

The promise in this case meets every requirement of the rule in those cases. There can be no doubt as to the respondent's purpose or intention. The promise was in writing, it was a full recognition of the principal of the debt and the note which is sufficiently described. It was distinct, unambiguous, clear and explicit in reference to the debt which was subsisting at the time. It is difficult to understand how a promise could be made more clear or direct. It reads, "Party of the first part agrees to pay the principal of one certain promissory note," the note is then described with reasonable certainty, and a condition that the note shall not be transferred. The only possible ambiguity is found in the provision, "This contract does not put said note in full force, but I agree to pay said note as soon as I am able to spare the money, or a reasonable time." When the whole writing is construed together it is clear that the promise was to pay only the principal and not the whole note principal and interest; or in the words used, this contract does not put said note in *full* force. "I agree to pay said note as soon as I am able to spare the money, or a reasonable time," this is not a promise to pay upon condition of ability to spare the money, but is an absolute promise to pay within a reasonable time. *Nunez v. Dautel*, 19 Wall. 560, 22 L. Ed. 161; *Williston v. Perkins*, 51 Cal. 554.

This provision of the contract goes only to the time of payment. It does not control the absolute promise to pay. It follows, since there was a promise to pay within a reasonable time, that such time has clearly elapsed under the allegations of the complaint. For nearly three years have passed between the date of the promise and the commencement of this action. Respondent alleges that the promise is not clear nor explicit because it describes the note as "One certain promissory note of one thousand dollars," whereas the principal of the debt as alleged in the complaint is $1,006.50.

If the note were not otherwise described there might be force in this contention, but the particular note is further described as the one "held and owned by O. L. Thisler," and the allegations of the complaint completely identify this particular note. There is therefore no merit in this contention. We are satisfied that the written promise set out in the complaint is sufficient to remove the bar of the statute of limitations, and that the complaint states a cause of action.

The judgment is therefore reversed, and remanded with instructions to the lower court to overrule the demurrer.

RUDKIN, C. J., PARKER, CROW, and DUNBAR, JJ., concur.