## REISTER *v.* BRUNING.

[No. 7,155. Filed May 10, 1911.]

1. MONEY RECEIVED.—*Common Counts.—Complaint.—Attorneys.—Demand.*—A complaint alleging that "defendant is indebted to * * * plaintiff in the sum of $332.50, for money had and received by the defendant for the use and benefit of the plaintiff," is sufficient, although a demand is not alleged, where there is nothing in the complaint to show that defendant held the money as plaintiff's attorney or in any other fiduciary capacity. p. 571.

2. JUDGMENT.—*Motion in Arrest.—Complaint.*—Where a complaint is sufficient, a motion in arrest of judgment should be overruled. p. 572.

3. APPEAL.—*Briefs.—Omission of Evidence.—Waiver.*—Where appellant fails to set out in his brief the evidence in the case, or a succinct recital thereof, all questions thereon are waived on appeal. p. 572.

From Superior Court of Vanderburgh County; *Alexander Gilchrist,* Judge.

Action by Louisa E. Bruning against William Reister. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Harry C. Dodson* and *W. M. Wheeler,* for appellant.

*James T. Walker, Henry B. Walker* and *Edwin C. Henning,* for appellee.

LAIRY, P. J.—This was an action for money had and received, brought by appellee against appellant. The issues formed were tried by a jury and a verdict returned in favor of appellee, upon which the court rendered a judgment in her favor.

The first error assigned is that the complaint does not state facts sufficient to constitute a cause of action. The complaint, omitting the formal parts, is as follows:

1. "Plaintiff, Louisa E. Bruning, complains of defendant, William Reister, and for cause of action says that said defendant is indebted to said plaintiff in the sum of \$332.50, for money had and received by defendant for the use and benefit of plaintiff, which sum is now due and unpaid. Wherefore said plaintiff demands judgment against said defendant in the sum of \$332.50, and for all other proper relief."

The only objection to this complaint, pointed out by appellant, is that it does not aver that appellee made a demand for the money before bringing the action. It is well settled that, in an action for money had and received for the use and benefit of another, no demand need be alleged. The averments of the complaint in this case do not show any relation of trust, bailment or agency between the parties, or any other relation that would make a demand necessary. The complaint was good as a common count for money had and received. *Spears* v. *Ward* (1874) 48 Ind. 541; *Ferguson* v. *Dunn's Admr.* (1867), 28 Ind. 58; *Field* v. *Brown* (1896), 146 Ind. 293; *Warden* v. *Nolan* (1894), 10 Ind. App. 334.

It is next insisted by appellant that the trial court should have sustained his motion in arrest of judgment, for the reason that the complaint is insufficient. What we have already said as to the sufficiency of the complaint disposes of this question.

The only other error assigned is that the court erred in overruling appellant's motion for a new trial. Several causes were assigned by the motion, but only one is urged upon the attention of the court. It is insisted that the evidence introduced at the trial fails to make out a case within the issues made by the pleadings, and that therefore the verdict is not sustained by any evidence properly within the issues. This court is not in a position to consider or pass upon this question, for the reason that appellant has wholly failed to set out in his brief a statement containing a recital of the evidence in narrative form, so as to present the substance clearly and concisely. This is required by subdivision five of rule twenty-two of this court in all cases where the insufficiency of the evidence to sustain the verdict is relied on for reversal. A failure to set out a condensed statement of the evidence in the brief of appellant is a waiver of all questions on appeal, which, for their decision, require a consideration of the evidence. *Indiana, etc., R. Co.* v. *Ditto* (1902), 158 Ind. 669; *Boseker* v. *Chamberlain* (1903), 160 Ind. 114; *Security, etc., Assn.* v. *Lee* (1903), 160 Ind. 249; *Pittsburgh, etc., R. Co.* v. *Wilson* (1904), 161 Ind. 701; *Groves* v. *Hobbs* (1904), 32 Ind. App. 532; *Rush* v. *Kelley* (1905), 34 Ind. App. 449.

Finding no available error in the record, the judgment of the lower court is affirmed.