LA FLORIDIENNE, J. BUTTGENBACH & COMPANY SOCIETE ANONYME, A CORPORATION UNDER THE LAWS OF THE KINGDOM OF BELGIUM, *Plaintiff in Error*, v. THE ATLANTIC COAST LINE RAILROAD COMPANY, A CORPORATION, *Defendant in Error*.

1.   A demurrer does not lie to the common counts merely as such when they are properly framed and included in a declaration.

2.   As the common law right to recover for charges collected in excess of reasonable rates for the transportation of freight is not repugnant to nor superseded by the statutory right of action to recover charges collected in excess of the rates properly chargeable under the railroad commission law, the common law remedy remains and may be enforced while it exists even though the statutory remedy is extinguished by the lapse of time.

3.   Where a common law right of action to recover freight charges collected in excess of reasonable charges exists and is shown by proper pleadings, the rates fixed by the commissioners may be given in evidence to show *prima facie* what was a reasonable rate, that being the effect of the provision of the statute making the commission rates *prima facie* evidence of reasonable rates in "all suits brought against any railroad corporation wherein is involved the rates of any such railroad corporation for the transportation of freight.

Writ of error to the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*Bisbee* & *Bedell*, for Plaintiff in Error;

*R. A. Burford*, for Defendant in Error.

WHITFIELD, C. J.—In December, 1907, an action was begun by the plaintiff in error to recover freight charges

collected by the defendant railroad company during the years 1904 and 1905 in excess of reasonable rates and in excess of the rates fixed by the Railroad Commission, together with expenses and attorney fees as authorized by Section 2911 of the General Statutes of 1906. The declaration was amended March 25, 1908, and the following common counts were added:

"Plaintiff alleges the defendant is indebted to the plaintiff in the sum of fifty thousand dollars ($50,000.00) for so much money received by the defendant for the use of the plaintiff. And in the sum of fifty thousand dollars ($50,000.00) for so much money found to be due from the defendant to the plaintiff on accounts stated between them." The following bill of particulars was filed to these two counts:

"Plaintiff in account with the defendant.

| | |
|---|---|
| Defendant in the years A. D. 1904 and 1905 carried for plaintiff from Holder, Florida, to Fernandina, Florida, 36,-782.04 tons of phosphate rock; and in said years from Dunnellon, Florida, to Fernandina, Florida | 49,687.64 |
| Tons of phosphate rock; and in the said years, from Anita, Florida, to Fernandina, Florida | 12,424.83 |
| Tons of phosphate rock; and in said years from Chatmar, Florida, to Fernandina, Florida | 2,744.37 |
| Total | 101,638.88 tons |

Defendant charged and the plaintiff paid for
　its said services of transporting the said
　phosphate rock the sum of .............$198,841.36

Whereas a reasonable freight rate and charges
　for the said services would have amounted
　to only ............................... 168,529.80

And the overcharge for such services are.....$ 30,311.56
　and interest thereon."

Subsequently the plaintiff by leave of court filed the
following amendment to the first common count above
set out and made "the said amendment a part of said
count:"

"Plaintiff amends by striking out the last seven lines
in the Bill of Particulars originally filed to said count
and inserting in lieu thereof the following, to-wit:

Defendant charged and the plaintiff paid for the said
services in transporting the said phosphates and phos-
phate rock the sum of $198,841.36, which sum was $30,-
311.56 in excess of the amount that defendant was en-
titled to charge and receive for such transportation by
virtue of and according to the rate on phosphate fixed
and determined by the Railroad Commissioners of the
State of Florida prior to the said transportation and
every part thereof, and the plaintiff sues to recover such
excess." The special counts were discontinued.

The brief of counsel for the plaintiff in error states that
"The count for money had and received for the use of
the plaintiff is the count relied upon and the bill of par-
ticulars attached." No reference is made in the briefs
to the common count for accounts stated and it is re-
garded as having been abandoned by the plaintiff.

The common counts as amended were demurred to upon grounds which in effect are that the counts do not state a cause of action; that the remedy afforded by the statute was exclusive of the common law remedy; and that the statutory remedy was extinguished by the lapse of the designated statutory period of twelve months. This demurrer was sustained and no amendment of the declaration being made, final judgment for the defendant. was rendered, to which judgment a writ of error was taken by the plaintiff.

A demurrer does not lie to the common counts merely as such when they are properly framed and included in a declaration. See Gulf Lumber Co. v. Walsh, 49 Fla. 175, 38 South. Rep. 831.

As the common law right to recover for charges collected in excess of reasonable rates for the transportation of freight is not repugnant to nor superseded by the statutory right of action to recover charges collected in excess of the rates properly chargable under the railroad commission law, the common law remedy remains and may be enforced while it exists even though the statutory remedy is extinguished by the lapse of time. Cullen v. Seaboard Air Line Ry. filed this day.

The common count states a cause of action for the recovery of an excessive charge for the transportation of freight, and the bill of particulars attached does not render the account repugnant or deficient in form or substance, since the action in the common count for money had and received lies for an unlawful overcharge whether it is in excess of the rates prescribed by the Railroad Commisioners under the statute or in excess of reasonable rates as at common law. Cullen v. Seaboard Air Line Ry. filed this day.

When a common law right of action to recover freight charges collected in excess of reasonable charges exists and is shown by proper pleadings, the rates fixed by the commisioners may be given in evidence to show *prima facie* what was a reasonable rate, that being the effect of the provision of the statute making the commission rates *prima facie* evidence of reasonable rates in "all suits brought against any railroad corporation wherein is involved the rates of any such railroad corporation for the transportation of freight." See Cullen v. Seaboard Air Line Ry. *supra.*

Assuming that the common count for money had and received complies with the requirements of the statute (Sec. 1450 Gen. Stats.) as to its form, a recovery may be had under it for the collection of unlawful overcharges for the transportation of freight by the common carrier, and it was error to sustain the demurrer thereto.

The judgment is reversed.

TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.