## BALTIMORE AND OHIO SOUTHWESTERN RAILWAY COMPANY *v.* SHIRK.

[No. 8,293.   Filed April 7, 1914.]

1. CARRIERS.—*Freight—Action for Excess Charges.—Demand.—* No demand is necessary before suit against a carrier to recover excess freight charges alleged to have been unlawfully collected. p. 43.

2. APPEAL.—*Review.—Harmless Error.—Ruling on Demurrer.—* Even if a complaint to recover excess freight charges were defective in failing to allege a demand before suit, error in overruling a demurrer thereto was harmless where the agreed facts showed a demand.   p. 44.

3. CARRIERS.— *Freight.— Overcharge.— Voluntary Payment.—* Payment of an overcharge of freight to a railroad company engaged in the business of a common carrier is not in law a voluntary payment.   p. 45.

4. CARRIERS.—*Freight.—Rates.—*Where freight rates are established by a commission with authority to do so, the right of private contract to fix such rates ceases to exist, and the carrier is entitled to collect only the rate thus established, and if more is collected it is unlawful and may be recovered.   p. 45.

5. CARRIERS.—*Freight.—Recovery of Excess Charges.—Parties.—*A railroad company is liable for excess freight charges collected by it on freight delivered by it, regardless of the fact that such charges were divided with another company over whose road the initial carriage was had, and may be sued therefor without joining such other company as a party defendant.   p. 46.

6. CARRIERS.—*Freight.—Recovery of Excess Charges.—Defenses.—* Where a delivering carrier collected excessive freight rates, the fact that the initial carrier furnished it statements of the charges at such excessive rates which it paid either in whole or in part, is no defense in an action for the recovery of the excess charges collected by it.   p. 46.

7. CARRIERS.—*Freight.—Recovery of Excess Charges.—Defenses.—* Where the railroad commission established a rate for the transportation of a class of freight over the lines of two connecting carriers, the failure of such commission to apportion the rate between the two companies is no defense in an action against one of such carriers to recover excessive charges collected by it on freight received from the other over whose line the initial carriage was had, since §5533 Burns 1908, Acts 1907 p. 454, §19, contemplates that such apportionment shall be made by agreement between the companies, and the commission has no authority in

that respect except on proper application by the companies after their failure to agree. p. 46.

From Lawrence Circuit Court; *James B. Wilson,* Judge.

Action by Elbert Walker Shirk against the Baltimore and Ohio Southwestern Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*W. R. Gardiner, C. K. Tharp, C. G. Gardner, R. N. Palmer* and *Edward Barton,* for appellant.

*Brooks & Brooks,* for appellee.

FELT, J.—Appellee as the receiver of the United States Cement Company, brought this action against appellant and the Southern Indiana Railway Company to recover excess freight charges paid to them as common carriers on certain shipments of coal made to said cement company. After the motion for a new trial had been overruled, it was shown that the appellee had personally succeeded to all the rights of the company held by him as receiver, and by agreement of the parties, he personally was substituted as plaintiff and judgment was rendered in his favor, and against appellant only, for $1,666.61. The complaint as originally filed consisted of two paragraphs. A demurrer for want of facts was sustained to the first and overruled as to the second.

Under the heading, "Errors relied upon for a reversal", appellant has stated a number of propositions that may be grounds for a new trial but not for independent assignment of error. The errors relied on that may be considered are the overruling of appellant's demurrer to the second paragraph of the complaint and the overruling of the motion for a new trial.

The briefs show that a new trial was asked on the ground that the decision of the court is contrary to law, is not sustained by sufficient evidence, and of excessive damages.

The case was tried on an agreed state of facts. The 1. only objection to the complaint is the failure to allege a demand before suit for the repayment to the

plaintiff of the excess freight charged and collected by the railway company. The excess charge is alleged to have been unlawful and a demand before suit was not necessary. *Jackson* v. *Creek* (1911), 47 Ind. App. 541, 94 N. E. 416; *Reister* v. *Bruning* (1911), 47 Ind. App. 570, 94 N. E. 1019; 6 Cyc. 498; *Cullen* v. *Seaboard, etc., R. Co.* (1912), 63 Fla. 122, 58 South. 182; *West Virginia Transportation Co.* v. *Sweetzer* (1885), 25 W. Va. 434, 464; see, also, *La Floridienne, etc., Co.* v. *Atlantic, etc., R. Co.* (1912), 63 Fla. 208, 58 South. 185. But in any event the failure to allege demand, could not have harmed appellant in this case, for the agreed facts show that a demand was made.

The principal ground upon which a reversal is claimed is that the facts do not show that the excess rate was the the result of the joint and concurring acts of the two railroad companies over the lines of which the coal was shipped; that the facts do not show that appellant participated in making the rate; that the Southern Indiana Railroad Company was the initial carrier and appellant simply received and forwarded the cars according to the charges made by that company; that the freight was voluntarily paid by appellant; that the shipping companies were not joint tortfeasors and no liability is shown against appellant. The facts essential to a decision of the questions involved are in substance as follows: For many years prior to this controversy, appellant and the Southern Indiana Railroad Company hauled coal over their lines from the Linton district in Indiana to the plant of the cement company near the city of Bedford; that the cars were received by the Southern Indiana Railway Company and shipped over its lines to Bedford, from which place they were taken by appellant over its lines to said plant, a distance of about two miles. Prior to August 12, 1907, the freight charge for such shipments was fifty cents per ton which was mutually prorated by said railway companies. On that date, the railway com-

panies raised the rate to seventy-five cents per ton, and the cement company thereupon appealed to the Railroad Commission of Indiana, which fixed the rate at fifty cents per ton, effective September 19, 1907. The railway companies had notice of the rate so fixed and ignored the order and continued to charge a rate in excess of that fixed by the commission, viz., seventy-five cents and sixty-two cents per ton, at different times. The Railroad Commission then brought suit to enjoin the railway companies from violating its order, in which suit it was successful. An appeal was taken to the Supreme Court where the action of the commission was sustained. *Southern Ind. R. Co.* v. *Railroad Com., etc.* (1909), 172 Ind. 113, 87 N. E. 966. For forty-nine days, from September 19 to November 7, 1907, said railway companies demanded and collected excess charges on shipments of coal to the cement company, amounting to $1,855.40, of which amount $1,339.66 was paid to and received by appellant. The latter sum with interest thereon was the amount of the judgment.

Payment of an overcharge of freight to a railroad company engaged in the business of a common carrier is not in law a voluntary payment. *Louisville, etc., R. Co.* v. *Wilson* (1892), 132 Ind. 517, 521, 32 N. E. 311, 18 L. R. A. 105; *Chicago, etc., R. Co.* v. *Wolcott* (1895), 141 Ind. 267, 278, 39 N. E. 451, 50 Am. St. 320; *Heiserman* v. *Burlington, etc., R. Co.* (1884), 63 Iowa 732, 737, 18 N. W. 903; *Peters, Ricker & Co.* v. *Railroad Co.* (1884), 42 Ohio St. 275, 51 Am. Rep. 814; *Fairford Lumber Co.* v. *Tombigbee Valley R. Co.* (1910), 165 Ala. 275, 51 South. 770. Where freight rates are established by a commission having authority of law to do so, the right of private contract to fix such rates ceases to exist. The carrier is entitled only to the rate so established and the shipper is required to pay only the amount determined by such rate. No more can be lawfully demanded, and if more is collected, it is unlawful and may be recovered.

*Baltimore, etc., R. Co.* v. *New Albany Box, etc., Co.* (1911), 48 Ind. App. 647, 655, 94 N. E. 906, 96 N. E. 28.

Since the court gave judgment only for the amount wrongfully collected by appellant in excess of the lawful rate, the liability of appellant does not depend upon the railway companies being joint tortfeasors. Appellant was liable for the excess freight collected and received by it and the same could have been collected from it without joining the Southern Indiana Railway Company as a party defendant. Neither can appellant escape liability by the fact that at the time it received the cars from its codefendant it also received from it statements of the freight charges at the unlawful rates aforesaid. Such statements in no way affected the charge that might be lawfully made. If appellant paid to its codefendant part, or all of the excess freight collected by it, such payment would in no way change or affect its liability for the freight charges unlawfully collected by it.

Neither can it escape liability for the amount so received by it because the Railroad Commission did not apportion the rates fixed by it between the two companies. The statute contemplates that such apportionment shall be made by agreement between the companies and the commission does not have power to do so in the first instance, but on failure of the companies to agree, on proper application therefor, the commission may "fix the *pro rata* part of the charges" to be received by the connecting lines. §5533 Burns 1908, Acts 1907 p. 454, §19; *Southern Ind. R. Co.* v. *Railroad Com., etc., supra.* No request for the commission to apportion the rate fixed by it is shown to have been made.

The facts fully warrant the judgment rendered by the trial court and no error was committed in overruling the motion for a new trial. Judgment affirmed.

Shea, P. J., not participating.

NOTE.—Reported in 104 N. E. 864. As to state regulation of freight rates 62 Am. St. 289. As to recovery back of excessive payments made for freight charges, see 18 L. R. A. (N. S.) 124. See, also, under (1, 3) 6 Cyc. 498; (2) 31 Cyc. 358; (4) 6 Cyc. Anno. 492; (5) 6 Cyc. 495, 498; (7) 6 Cyc. Anno. 498.