[No. 16421. Department Two. October 8, 1921.]

FRANCIS G. CAVERS, *Appellant*, v. HOME TELEPHONE & TELEGRAPH COMPANY OF SPOKANE, *Respondent*.[1]

TELEGRAPHS AND TELEPHONES (7)—EXCESSIVE CHARGES—RIGHT TO RECOVER—VOLUNTARY PAYMENT. Excess charges for telephone service, paid without protest, cannot be recovered by a subscriber where they were not made under a mistake of fact, nor induced by fraud, nor made under the exigencies of business which would sustain loss if the payments were not made.

Appeal from a judgment of the superior court for Spokane county, Back, J., entered November 10, 1920, upon granting a nonsuit, dismissing an action to recover overcharges for telephone service, tried to the court and a jury. Affirmed.

[1]Reported in 201. Pac. 20.

*Fred B. Morrill,* for appellant.

*Post, Russell & Higgins,* for respondent.

MAIN, J.—The plaintiff brought this action upon twenty-eight assigned claims, seeking to recover what was alleged to be an overcharge for telephone service in the city of Spokane. After the issues were framed, the cause came on for trial before the court and a jury. At the conclusion of the plaintiff's evidence, the defendant challenged the sufficiency thereof and moved the court for a judgment in its behalf. This motion was sustained and a judgment entered dismissing the action, from which the plaintiff appeals.

The respondent, the Home Telephone & Telegraph Company, is engaged in the business of operating a telephone exchange in the city of Spokane. Early in the year 1915, it acquired property of the Pacific Telephone & Telegraph Company, which, prior to that time, had operated an exchange in the same city. The franchise ordinance under which the respondent operated provided for a telephone charge for residence telephones of two dollars per month. After the respondent had taken over the property of the Pacific Telephone & Telegraph Company, it filed with the public service commission a schedule of rates, and thereafter charged for services in accordance with the rates so filed. The public service commission did not enter an order approving the rates, and in *State ex rel. Ellertsen v. Home Telephone & Telegraph Co.,* 102 Wash. 196, 172 Pac. 899, it was held that, in the absence of some affirmative action on the part of the commission, the franchise rate was not modified.

After this decision was made, the appellant took assignments of the claims of the individual subscribers for telephone service and sought to recover the overcharge which had been paid. The appellant claimed

the right to recover because, under the rules and course of business established by the respondent, telephone service would not have been rendered if the parties seeking the same had declined to pay the sums demanded, and that this amounted to payment under compulsion or duress. There is no evidence of the payments having been made on account of mistake of fact or fraud. If the appellant is entitled to go to the jury upon a question of fact, it is by reason alone that the payments were made in excess of the legal rate, and that, under the rules of the course of business established by the respondent, the service would not have been rendered had the payments not been made. The payments were not made under protest. The appellant relies upon a line of cases which hold that, where excess charges are exacted and if not paid loss or destruction of profitable business will result, this is sufficient compulsion and will sustain an action to recover back the excess, even though not paid under a mistake of fact or fraud. *Pingree v. Mutual Gas Co.*, 107 Mich. 156, 65 N. W. 6; *Heiserman v. Burlington C. R. & N. R. Co.*, 63 Iowa 732, 18 N. W. 903; *Swift Co. v. United States*, 111 U. S. 22; *Robertson v. Frank Bros. Co.*, 132 U. S. 17; *California Adjustment Co. v. Atchison T. & S. F. R. Co.*, 179 Cal. 140, 175 Pac. 682. Those are all cases wherein payments were made under the exigencies of business which would sustain loss or destruction if not made. They represent the relaxation of the old rule as applied to business, which was very much more strict than that adhered to by the more modern authorities. As stated in *American Brewing Co. v. St. Louis*, 187 Mo. 367, 86 S. W. 129:

"Among the instances of the relaxation of the strictness of the original rule, is the case of payments constrained by business exigencies, that is, payments of illegal charges or exactions under apprehension on the

part of the payors of being stopped in their business if the money is not paid."

The case of *Olympia Brewing Co. v. State,* 102 Wash. 494, 173 Pac. 430, is within this class. It was there said:

"It cannot be gainsaid that payments made to prevent the sacrifice of large capital investments are not voluntarily made but are made as the result of compulsion."

So far as we are informed, no case has gone so far as to apply this rule to excess charges where business would not be affected thereby. As already stated, the excess charges sought to be recovered in this case were for residence and not business telephones. In *Illinois Glass Co. v. Chicago Telephone Co.,* 234 Ill. 535, 85 N. E. 200, a customer of the telephone company sought to recover excess charges for services voluntarily paid without fraud, mistake of fact, or other grounds for annulling the contract. There the telephone company had previously been rendering service to the plaintiff and made a contract agreeing to furnish an improved service at an advance rate which was in excess of the franchise charge permitted the company, and it was there held that, since the excess payments were made without fraud, mistake of fact, or other ground for annulling the contract, no recovery could be had. It is true that in that case the plaintiff knew that it was making a contract for a greater rate than it had previously paid under the rate fixed in the franchise, but this can make no difference as applied to the facts in the present case, because the rate of the respondent company was fixed by the ordinance, and the customers seeking telephone service were charged with knowledge of the provisions of such ordinance. *Hope v. City of Alton,* 214 Ill. 102, 73 N. E. 406; *Jackson v. Grand Avenue R. Co.,* 118 Mo. 199, 24 S. W. 192.

The charges not having been made under mistake of fact, induced by fraud, nor having been made through the exigencies of business, a cause of action was not made out, and the trial court correctly sustained the challenge to the sufficiency of the evidence at the conclusion of the appellant's case.

The judgment will be affirmed.

PARKER, C. J., TOLMAN, HOLCOMB, and MITCHELL, JJ., concur.