[No. 20263. Department One. March 7, 1927.]

PACIFIC TELEPHONE & TELEGRAPH COMPANY, *Respondent*, v. J. W. ROBINSON *et al., Appellants.*[1]

[1] BONDS (14)—CONSTRUCTION—SCOPE AND EXTENT OF CONDITIONS. Where a bond is conditioned to pay a specific sum upon the final determination of a certain action, the liability accrues when the action is terminated by a dismissal.

Appeal from a judgment of the superior court for King county, Frater, J., entered July 6, 1926, upon findings in favor of the plaintiff, in an action upon contract. Affirmed.

*John F. Murphy* and *J. W. Robinson,* for appellants.

*Chadwick, McMicken, Ramsey & Rupp,* for respondent.

FRENCH, J.—Prior to 1921 the appellant, J. W. Robinson, brought action against the Pacific Telephone & Telegraph Company, the respondent herein, for damages in connection with the furnishing of telephone service to him. The action finally reached this court and a full statement of the facts and disposition of the case will be found in *Robinson v. Pacific Telephone & Telegraph Co.,* 118 Wash. 318, 203 Pac. 1.

It seems that, during the pendency of that action, the telegraph company had accumulated a considerable bill for services rendered to Robinson, the exact amount being $385.77, and was threatening to discontinue the service if the account was not paid. To avoid this possibility, the appellants, with Robinson as principal, and the Massachusetts Bonding & Insurance Company, a corporation, as surety, executed and delivered to respondent herein a bond conditioned that:

¹Reported in 253 Pac. 790.

"If J. W. Robinson shall pay to The Pacific Telephone & Telegraph Company, its successors and assigns, the said sum of $385.77, with interest from this date, upon the final determination of said action of J. W. Robinson vs. The Pacific Telephone and Telegraph Company, or, in the event said J. W. Robinson shall recover on final hearing in said cause a money judgment against the Pacific Telephone & Telegraph Company and shall pay upon such final determination to said The Pacific Telephone & Telegraph Company, its successors or assigns, the said sum of $385.77, with interest from this date, less the amount of such judgment, this obligation shall be void, otherwise to be and remain in full force and effect."

The present action is one brought on the bond; the complaint alleging the execution of the bond and the termination of the action. To the complaint, the defendant first demurred, and the demurrer being overruled, answered setting out three affirmative defenses; the first of which was upon the theory that the cause of action had not yet accrued; the second contained a plea of want of consideration, coercion and duress; the third affirmative defense pleading the statute of limitations. A demurrer was sustained to the three affirmative defenses, trial was had, testimony taken, and judgment rendered in the lower court for the plaintiff, and this appeal prosecuted therefrom.

A careful examination of the pleadings indicates to us that the lower court was right in sustaining the demurrer to the affirmative defenses. *Thisler v. Stephenson,* 54 Wash. 605, 103 Pac. 987; *Cavers v. Home Telephone Co.,* 117 Wash. 299, 201 Pac. 20; *Illinois Glass Co. v. Chicago Telephone Co.,* 234 Ill. 535, 85 N. E. 200, 18 L. R. A. (N. S.) 124, are a few of the numerous authorities which support the rule of the trial court.

[1] Counsel urge that the complaint does not state a cause of action, on the ground and for the reason that

the controversy in question between Robinson and the telephone company was not finally settled by a judgment of dismissal. The bond itself, however, is conditioned "upon the final determination upon said action of J. W. Robinson vs. The Pacific Telephone & Telegraph Company." It seems to us that this language is capable of no other construction than that it referred to the suit then pending between the parties, and that a judgment of dismissal was a final judgment of that suit, and that the demurrer was therefore properly overruled.

Finding no error in the record the judgment of the lower court is affirmed.

MACKINTOSH, C. J., FULLERTON, MAIN, and MITCHELL, JJ., concur.