Good, J.
This is an action of contract in which the plaintiff seeks to recover of the defendant $289.78 for money had and received. The plaintiff is the owner of certain real estate at #59-65 Scollay Square, Boston. For many years the premises were leased to the Sudbury Amusement Company, and water was furnished said company by the city of Boston. The said Sudbury Amusement Company vacated the premises and did not pay its water bill to the city. The city filed and recorded against the plaintiff, as owner of the premises, a statement of lien for supplying water for a portion of the time (1930-1931) during which water was furnished, and for which water no payment had been made.
There is no evidence that the plaintiff knew of the existence of these unpaid bills until January of 1935, when he wished to obtain a supply of water to be consumed on the premises. The defendant refused to supply such water unless and until the plaintiff paid for the water charged to its old lessee. The plaintiff paid the full bill under protest, contending that it was not legally bound to pay the same.
The court found for the plaintiff.
The defendant filed the following requests for rulings, and the court dealt with them as noted:
“1. Upon the facts as set forth in the ‘case stated’ the plaintiff is not entitled to recover in this action the amount paid by it to the defendant for water supplied *605 by the defendant to and consumed upon the premises owned by the plaintiff.
Denied.
2. The fact that the bills, for the water supplied by the defendant to and consumed upon the premises owned by the plaintiff, were charged and sent to someone other than the plaintiff does not entitle the plaintiff, upon the facts as set forth in the ‘case stated,’ to recover in this action money paid by it to the defendant in payment of such bills, even though the plaintiff ‘paid the said sum of $289.78 to the defendant under protest, contending that it was not legally bound to pay the sum.’
That mere fact does not, but I rule that on the case stated as a whole that plaintiff is entitled to recover.
3. The mere declaration of the party making the payment, that he does it under coercion, and with denial of the right of the other party to recover the same, will not avail. If he has a good defense to the claim, he should resist it at the outset. If he does not, he waives his right to litigate the matter further.
This is the ordinary rule where legal duress or coercion is not shown but I feel that this case comes within the exceptions to the rule set out in this request. I rule that the City’s arbitrary conduct in denying the plaintiff the water it was in duty bound to furnish the plaintiff, amounted to unwarranted coercion and that sound policy should not require the plaintiff to resort to equity or other means to enforce its right to the water.”
A lien or charge upon land for water furnished was created by the Acts of 1923, Ch. 391, and now appears in our Gfen. Laws (Ter. Ed.), Ch. 40, §42A. In sections 42B, 42C and 42D the length of time the lien shall remain in effect and the method of collecting the debt claimed under the lien are provided. In this case the city filed and recorded its statement of lien, but nothing was done to enforce the lien and it was therefore lost. See Busfield et al. v. Wheeler, 14 Allen 139.
*606 The city has no right to refuse water service to a succeeding tenant or owner because the previous tenant or owner has failed to pay his water bill. Turner v. Revere Water Co., 171 Mass. 329.
There is a duty upon the city to sell water to owners or occupants of real estate, and this is true even though there may be water bills unpaid by a previous owner or occupant. Gen. Laws (Ter. Ed.), Ch. 270, §13. Loring v. Commissioners of Public Works, 264 Mass. 460. Brand v. Water Commissioners of Billerica, 242 Mass. 223.
In the Turner v. Revere Water Co. case, supra, the court said at page 336, — “Water is a necessity and without it a house cannot at the present time be occupied in our cities. It must be obtained from a water company, and to compel a man to pay another’s debt in order to obtain it seems to us a result that ought not to be reached. ’ ’
There is a statute making criminal the refusal to furnish water for the reason that a water bill remains unpaid by a previous owner or occupant unless the person requesting such water is in airears for water previously furnished.
Gen. Laws (Ter. Ed), Ch. 270, §13.
It was said in Loring v. Commissioners of Public Works, supra, at page 464, — “Provision for an ample supply of water for the use of those who dwell or do business in crowded centers of population is manifestly a public utility of first importance. It has direct and intimate relation to the public health and public safety . . . ”
What the Supreme Judicial Court has stated in the case of Weld v. Gas & Electric Light Commissioners, 197 Mass. 556, may be applied to the defendant here because, while the product sold differs, the necessity of water may be said to be even greater than gas or electricity. The court said, at page 557, — “It is its duty to exercise this franchise for *607 the benefit of the public, with a reasonable regard for the rights of individuals who desire to be served, and without discrimination between them.”
Under certain conditions an owner is obliged to furnish water to his tenants.
See Gen. Laws (Ter. Ed.), Ch. 144, §§34, 67, 89, and Glen. Laws (Ter. Ed.), Ch. 186, §14.
For the defendant in this case to exact of the plaintiff payment of a water bill, by making such payment the only condition under which it would perform its duty to furnish water, with no basis whatever in law or equity for this exaction, is unwarranted, and it would be unsound in policy to countenance such a performance on the theory the payment was voluntary and made without duress or coercion and under no compulsion. The plaintiff might have declined to accept and sought relief in equity or under extraordinary writ, but to excuse the defendant for this reason, and compel the plaintiff to seek such a remedy with the accompanying penalties of expense and violation of a criminal law would be unreasonable.
The defendant should receive its money for water furnished. When it does not it may lien the property to which the water has been furnished. When it fails to do this and then demands payment of a bill from an owner who never knew of the existence of the bill until he applied for water, it exceeds its authority, and must return money so collected.
If an owner paid such a bill before the expiration of the time for claiming or perfecting a lien, the situation might be different. It might then be argued effectively that the owner upon payment took away from the city its right to claim a lien, and while the city had no legal right to collect the unpaid bill from the owner it did enjoy the right to collect the bill against the owner’s property.
*608 The courts have gone far to sustain the doctrine that a voluntary payment absolves the payee from all legal liability to refund the amount thus paid. Emery v. Lowell, 127 Mass. 138. Cook v. Boston, 9 Allen 393. Brown v. Nahant, 213 Mass. 271.
But in these eases the plaintiff requested and paid for only a privilege. There was no duty upon the defendants to do as requested. The plaintiffs could take these licenses or not, as they saw fit. They paid the fees demanded, knowing all the facts in their respective cases.
We think this case analogous to an action to recover the amount of an illegal tax paid to a collector armed with authority to collect it by a distress. The Boston & Sandwich Glass Co. v. City of Boston, 4 Met. 181.
When the plaintiff asked for the supply of water no lien existed. It could procure water only by paying the city a bill it (plaintiff) did not owe. This amounts to compulsion by which the plaintiff was forced to pay a bill which it did not legally owe, and comes within one of the exceptions to the rule that unless otherwise provided by statute, when a person with full knowledge of all the circumstances pays money to another, without fraud, compulsion, or duress, such money cannot be recovered back, although no obligation to make such payments existed. Chandler v. Sawyer, 114 Mass. 364.
There was no error in the rulings or the refusals to rule.
Report dismissed.