[No. 7540.  Decided January 5, 1909.]

BANK OF MONTREAL, *Appellant*, v. FRANK GUSE, *Respondent.*[1]

LIMITATION OF ACTIONS — FRAUDS, STATUTE OF — NEW PROMISE. Under Bal. Code, § 4816, which provides that no acknowledgment or promise shall be sufficient to take a case out of the operation of the statute unless the same is in writing and signed by the party to be charged, correspondence relating to several promissory notes given at different times is not sufficient to remove the bar of the statute of limitations, where it consists of detached fragmentary statements of different dates susceptible of different interpretations, and there is no clear and unequivocal reference to any particular debt from which a promise can be implied to pay all or any one of the notes, but a controversy as to the amount due appears.

Appeal from a judgment of the superior court for King county, Tallman, J., entered December 21, 1907, dismissing an action upon promissory notes, upon sustaining a demurrer to the complaint.  Affirmed.

*Bausman & Kelleher*, for appellant, contended that the correspondence between the appellant and the respondent was a sufficient acknowledgment of respondent's debt to take the same out of the operation of the statute of limitations.  *Will v. Marker*, 122 Iowa 627, 98 N. W. 487 ; *Chidsey v. Powell*, 91 Mo. 622, 4 S. W. 446, 60 Am. Rep. 267 ; *Bliss v. Allard*, 49 Vt. 350 ; *McConaughy v. Wilsey*, 115 Iowa 589, 88 N. W. 1101 ; *Sears v. Howe* (Conn.), 68 Atl. 983 ; *Beeler v. Clarke*, 90 Md. 221, 44 Atl. 1038, 78 Am. St. 439 ; *Pracht v. McNee*,

[1]Reported in 98 Pac. 1127.

40 Kan. 1, 18 Pac. 925; *Vogelsang v. Taylor* (Tex. Civ. App.), 80 S. W. 637.

*John B. Hart* and *Robert H. Evans*, for respondent, contended that the acknowledgment or new promise contemplated by our statute must be expressed in a single writing. *Patterson v. Neuer*, 165 Pa. St. 66, 30 Atl. 748. Where the writing contains no promise, the acknowledgment of the particular debt must be so clear and unequivocal that no doubt is left as to the debtor's readiness and willingness to pay the same. *Sutton v. Burruss*, 9 Leigh (Va.) 381, 33 Am. Dec. 246; *Liberman v. Gurensky*, 27 Wash. 410, 67 Pac. 998; *Wetzell v. Bussard*, 11 Wheat. 309, 6 L. Ed. 481; *Moore v. Bank of Columbia*, 6 Peters 86, 8 L. Ed. 329; *Shepherd v. Thompson*, 122 U. S. 231, 7 Sup. Ct. 1229, 30 L. Ed. 1156; *Palmer v. Gillespie*, 95 Pa. St. 340, 40 Am. Rep. 657; *Miller v. Baschore*, 83 Pa. St. 356, 24 Am. Rep. 187; *Ward v. Jack*, 172 Pa. St. 416, 33 Atl. 577, 51 Am. St. 744; *Gartrell v. Linn*, 79 Ga. 700, 4 S. E. 918; *Nelson v. Hanson*, 92 Iowa 356, 60 N. W. 655, 54 Am. St. 568; *Landis v. Roth*, 109 Pa. St. 621, 1 Atl. 49, 58 Am. Rep. 747; *Painters' Appeal* (Pa. St.), 6 Atl. 477. Where there are admittedly several debts, a general acknowledgment of the same is insufficient. 19 Am. & Eng. Ency. Law (2d ed.), 293; *Stout v. Marshall*, 75 Iowa 498, 39 N. W. 808, *Buckingham v. Smith*, 23 Conn. 453; *Smith v. Moulton*, 12 Minn. 352; *Opp v. Wack*, 52 Ark. 288, 12 S. W. 565, 5 L. R. A. 743; *Kensington Bank v. Patton*, 14 Pa. 479, 53 Am. Dec. 564; *Thompson v. Texas Land & Cattle Co.* (Tex. Civ. App.), 24 S. W. 856; *O'Riley v. Finegan*, 9 Kan. App. 889, 58 Pac. 281. The claim of offset rebuts the inference of a new promise. *Sutton v. Burroughs, Bell v. Morrison*, and *Wetzel v. Bussard, supra; Bullion & Exchange Bank v. Hegler*, 93 Fed. 890; *Wells v. Hargrave*, 117 Mo. 563, 23 S. W. 885; *Curtis v. Sacramento*, 70 Cal. 412, 11 Pac. 748. The acknowledgment, to be sufficient under the statute, must specify the amount which is due. *Monroe v.*

*Herrington*, 110 Mo. App. 509, 85 S. W. 1002; *Fort Scott v. Hickman*, 112 U. S. 150, 5 Sup. Ct. 56, 28 L. Ed. 636; *Denny v. Marrett*, 29 Minn. 361, 13 N. W. 148; *Quarrier's Adm'r. v. Quarrier's Heirs*, 36 W. Va. 310, 15 S. E. 154.

Dunbar, J.—The case is before the court on the plaintiff's amended complaint and the defendant's demurrer thereto. The complaint, in substance, is to the effect that the defendant, at Rossland, in the Province of British Columbia, Dominion of Canada, at different times ranging from January 23, 1899, to the 28th of March, 1900, executed notes to different parties, in the aggregate sum of $4,302, which notes were assigned for value to the plaintiff, the different notes being pleaded as separate causes of action. To this complaint a demurrer was interposed, the first ground of the demurrer being that it appears upon the face of said cause of action, and the allegations made and set forth therein, that said cause of action is barred by the statute of limitations. It is conceded that the statute of limitations ran before the commencement of the action, and that the demurrer was properly sustained unless the bar of the statute had been removed by an acknowledgment of or promise to pay the debt. The court sustained the demurrer, and the plaintiff appealed, relying upon the following correspondence between the parties to remove the bar:

"Rossland, B. C., February 27th, 1905.
"Frank Guse, Esq., Smith's Cove, North Seattle, Wash.

"Dear Sir: I must ask you to remit something on account of your debt to the bank and to authorize us to draw on you for some definite amount monthly, otherwise we will be compelled to adopt some other means of collecting what is due. Yours truly, J. S. C. Fraser, Manager."

"Seattle, Wash., Mar. 2nd, 1905.
"J. S. C. Fraser, Esq., Rossland, B. C.

"I am in receipt of your letter of the 27th ulto. and contents noted. I hope you will be able to make a disposition of the St. Pauls and Belcher in the spring so we could have a

settlement and I could use a little money myself. The property as you know is good and should sell for a fair price. Could you make me a cash öffer for over and above of our differences on the St. Pauls and Belcher. I will send money for taxes tomorrow. Hoping to hear from you soon. Respectfully yours, Frank Guse."

     "Seattle, Wash., Mar. 3rd, 1905.

"J. S. C. Fraser, Esq., Rossland, B. C.

"Enclosed find money order for $6.90 which is my portion of the taxes on St. Pauls and Belcher, including stamp. I have been informed that Ralston is working for F. August Heinze in Montana. Respectfully yours, Frank Guse."

     "Rossland, B. C., March 7th, 1905.

"F. Guse, Esq., Smith's Cove, North Seattle, Wash.

"Dear Sir: I have yours of the 2nd and 3rd inst. Can you not remit Ralston's share and collect from him? He is not with Heinze as I have inquired. I doubt very much the sale of 'St. Paul' and 'Belcher' this spring or during the year, but the indications all point to a revival of interest in this camp later on. No, I cannot make you an offer for your interest in the properties. Enclosed is a statement of your indebtedness on which I will make a rebate if you can arrange to pay now or give ample security. Yours truly, J. S. C. Fraser, Manager."

     "Rossland, B. C., 13th April, '05.

"Frank Guse, Smith's Cove, North Seattle, Wash.

"Dear Sir: I must again remind you of your debt to the bank and ask for a remittance on account of it. I would regret having to take action, but cannot allow the matter to drift further. If you will send us say $25 monthly, we will withhold legal proceedings so long as you keep up your payments. Please reply by return. Yours truly, J. S. C. Fraser, Manager."

     "Seattle, Wash., April 22nd, 1905.

"J. S. C. Fraser, Esq., Rossland, B. C.

"Dear Sir: I have looked over your statement carefully but have not discovered at any place where you have given me credit for the building which I bought at Columbia, B. C., and paid $650 for, with a rental income of $75 per month. This property I assigned to the Bank of Montreal, or J. S. C. Fraser, I forget which, also the Ralston note which was

reduced from $300 to $250 in the year 1898. I wish you would explain matters more thoroughly. Hoping to hear from you soon. Also I wish you would interest parties in bringing about the sale of the St. Pauls and Belcher. This certainly is as good a property as there is in the country for the amount of work done. Respectfully yours, Frank Guse."

"Rossland, B. C., 11th May, 1905.
"Frank Guse, Esq., Smith's Cove, North Seattle, Wash.

"Dear Sir: Referring to your letter of the 22nd ulto., I enclose statement of your account to the 15th inst., showing amount due to be $3,000 in full settlement, if payment be made at once, or security given that the bank will be satisfied with. The Columbia property was taken over by the owner of the land on which the buildings were, for non-payment of ground rent amount to $75, after which we collected $190 and applied it on your debt. Kindly sign and return the enclosed acknowledgment of the debt. Yours truly, J. S. C. Fraser, Manager."

"Seattle, Wash., May 16th, 1905.
"J. S. C. Fraser, Esq., Rossland, B. C.

"Dear Sir: I am in receipt of your letter of the 11th inst. You state in your letter that you have placed the $190 rent for the Columbia property to my credit, but I fail to find it on your statement. I wish you would look this up. I will again ask you to try and make a disposition of the St. Pauls and Belcher, or let some one have it on a bond, as I would like to have a little money out of it myself as I intend to go to Alaska in June or July. Hoping to hear from you soon. Respectfully yours, Frank Guse."

Our statute provides (Bal. Code, § 4816; P. C. § 300), that no acknowledgment or promise shall be sufficient evidence of a new or continuing contract whereby to take the case out of the operation of this chapter, unless the same is contained in some writing signed by the party to be charged thereby. It is contended by the respondent that there are several rules of law applicable to the question in this case, any of which considered alone would be sufficient to sustain the judgment of the superior court: (1) detached statements and fragmentary writings cannot be considered together in the utter-

ance of a new promise or acknowledgment; (2) where no promise to pay is made, the acknowledgment of the particular debt must be in terms so clear and unequivocal that a promise is raised as a natural inference from the language used; (3) where there are several debts, a general acknowledgment of the same is insufficient; (4) where the debtor claims offsets to the debt, this rebuts the inference of a promise to pay; (5) where the acknowledgment leaves the amount of the debt in dispute, it is insufficient.

These propositions, we think, are all well established by the great weight of authority. Many cases are cited by both the appellant and respondent, in which the correspondence relied upon is set forth, but it would be fruitless to review them here, for the reason that the expressions used in the various cases cited are different and might be differently construed by different courts. Every case, therefore, will have to be construed with reference to the language used in that particular case. Statutes of limitation are in aid of a sound public policy and have received the almost universal commendation of law-making bodies. Referring to the first rule invoked by the respondent, if detached statements and fragmentary writings of different dates, susceptible of different interpretations and which might be equally applicable to different transactions or debts, should be held to be sufficient to remove the bar of the statute, such holding would tend to destroy the object of the statute and make uncertain and speculative the very thing which the statute sought to make definite, and certain, and mere inference would be substituted for direct and positive expression.

It cannot be contended in this case that there is any promise whatever to pay the alleged debt, or any part of it. Conceding that the statement in *Liberman v. Gurensky*, 27 Wash. 410, 67 Pac. 998, which is criticized by the appellant, and which is to the effect that a mere acknowledgment of a debt is insufficient, was an extreme statement and not necessary to the decision of the case, it is well established that, where

acknowledgment alone is relied upon, the expression of the acknowledgment must be clear and unequivocal and made with reference to a particular debt which is subsisting at the time. The acknowledgment must be so clear that a promise to pay must necessarily be implied. It must be borne in mind that several causes of action are stated in the complaint in this case, the obligation arising from six different notes given at different times and to two different payees. In the light of this fact, even construing all of the detached statements together, it cannot be ascertained that any definite acknowledgment was made of indebtedness of all the notes or of any particular one of them. On the contrary, the whole correspondence shows that there was a controversy between the parties, and that controversy may have been in relation to these notes or it may have been in relation to some other transaction between the parties. There is no promise to pay in whole or in part. There is no definite acknowledgment of the indebtedness in whole or in part, and while it is true that no particular form of expression is necessary, to constitute an acknowledgment, the expression, whatever it is, must be clear and unequivocal. Such expressions are not shown by the correspondence here.

The judgment is affirmed.

HADLEY, C. J., CHADWICK, CROW, FULLERTON, RUDKIN, and MOUNT, JJ., concur.