[No. 23590. Department Two. June 27, 1932.]

V. GATTAVARA, *Respondent,* v. A. R. CALDWELL *et al., Appellants.*[1]

*R. L. Blewett,* for appellants.
*H. I. Kyle,* for respondent.

MILLARD, J.—The defendants prosecute this appeal from a judgment entered on findings in favor of the plaintiff, in an action to recover a balance claimed to be due on a promissory note.

[1]Reported in 12 P. (2d) 593.

Admitting the execution and delivery of the note upon which respondent sought to recover, the appellants alleged partial payment of the note by transfer to the respondent of the promissory note of a third person. Respondent insisted in the trial court, and now contends, that the promissory note of a third person was accepted by him as collateral security, and not as partial payment of appellants' note.

Did the respondent accept as collateral security, or as partial payment of appellants' promissory note, the promissory note of Wheaton and Harris given to the respondent creditor by the appellant debtors? That is the question presented by this appeal.

The facts are as follows:

On January 10, 1928, A. R. Caldwell executed and delivered to the respondent his promissory note in the sum of $1,164.67. That note, payment of which was secured by a chattel mortgage on certain machinery, was payable July 10, 1928, with interest at the rate of seven per centum per annum.

On December 5, 1927, Caldwell sold to C. W. Harris and A. C. Wheaton a tractor for six hundred dollars. In consideration thereof, Harris and Wheaton, as makers, and J. M. Thatcher, as an accommodation indorser, executed and delivered to Caldwell a promissory note for six hundred dollars, payable ninety days after date, with interest at the rate of eight per centum per annum.

On January 20, 1928, or ten days subsequent to Caldwell's execution and delivery of his note for $1,-164.67 to the respondent, Caldwell indorsed in blank and delivered to the respondent the Harris-Wheaton-Thatcher promissory note.

Respondent testified that the note was given as collateral security or conditional payment; that is, conditioned upon the actual payment of the six hundred

dollar note; that the note was given to him to collect, and if successful, the proceeds were to be credited on appellants' note.

An action instituted . by respondent against the makers and accommodation indorser to recover on the note, resulted in judgment in favor of respondent. However, those defendants were judgment proof.

Appellant Caldwell testified that the respondent accepted the Wheaton-Harris-Thatcher note as partial payment of the appellants' note. Thatcher, the accommodation maker, testified that he was informed by respondent of the latter's acceptance of the six hundred dollar note as part payment of appellants' note. Respondent denied that he made such statement to Thatcher.

In none of the correspondence passing between the parties does it appear that the parties regarded the note for six hundred dollars as partial payment of appellants' note. Under date of June 2, 1930, Caldwell, in reply to respondent's counsel, stated he desired an interview with respondent or respondent's counsel "regarding the $600 note he [respondent] was to collect." In the statement of appellants' account with respondent, submitted to appellants August 17, 1929, there does not appear any credit for the note of six hundred dollars. In appellants' letters written subsequent to that date, no mention is made of the omission of credit of six hundred dollars. The only reference by appellants to the note is in their letter of June 2, 1930, the pertinent portion of which is quoted above.

 The generally accepted rule is that there is a rebuttable presumption that a promissory note of a third person given by a debtor to his creditor is accepted by the creditor as collateral security and not as absolute payment.

"Where a debtor gives to his creditor a . . . note of a third person, the presumption is that the creditor does not accept it as absolute payment, but that it is accepted by him merely as collateral security or as conditional payment, especially where the debtor guarantees payment of the obligation or where the creditor retains notes of the debtor previously given by him for the amount of the debt." 48 C. J. 702.

The trial court erroneously stated in its memorandum decision that the testimony of Caldwell and Thatcher was improperly admitted; that it was inadmissible for the reason that it was parol evidence contradicting and varying the legal effect of Caldwell's indorsement of the note for six hundred dollars, and limited appellants' liability on their note for $1,164.67 to respondent.

However, all of the evidence, including the testimony of Thatcher and Caldwell, is before us, and we have considered the same. The evidence does not preponderate against the finding that the note for six hundred dollars was transferred to and accepted by the respondent "as additional security to the note sued on in the case at bar." The liability of appellants, by their indorsement in blank, for payment of the note of six hundred dollars, is not in issue.

It is not necessary that payment be in money, as "that is payment which the parties agree is given and accepted as payment." *Bartholomew v. Emerson-Brantingham Implement Co.*, 68 Colo. 244, 187 Pac. 538; 48 C. J. 585. Under the plea of payment, evidence of full or *pro tanto* discharge, as the case may be, in other things than money, is admissible, as by choses in action or any arrangement which, according to the agreement of the parties, operated to discharge the debt. 48 C. J. 676.

Presumptions with respect to payment or partial

payment are merely presumptions of fact. While controlling in the absence of evidence to the contrary, they are rebuttable by evidence showing that the actual fact is otherwise than as would be presumed in the absence of any opposing evidence. This rule applies to the presumption that a promissory note of a third person was accepted by the creditor as collateral security, and not as absolute payment of the debtor's note. 48 C. J. 707.

The parol evidence rule does not preclude the reception of parol evidence to rebut the presumption that the note of a third party, as in the case at bar, was accepted as collateral security, inasmuch as the evidence is not of such a character that it tends to vary or contradict the written instrument upon which the respondent bases his right to a recovery. The parol evidence offered on behalf of the appellants in support of their plea of partial payment, as said in *Griswold v. Frame,* 48 Cal. App. 178, 191 Pac. 962,

" . . . did not contradict or vary the written instrument declared upon; on the contrary, the offer was to prove an executed parol agreement, in the nature of an accord and satisfaction."

Whether respondent accepted the note of Wheaton and Harris as collateral security, or in partial discharge of appellants' note, was a question of fact. That respondent sent to the appellants the statement of account covering his transactions with the appellants after receiving the note, and made no mention of the item of six hundred dollars, is a circumstance to be weighed with the other evidence in determining the question. It is significant that appellants did not question the correctness of the account or object to the omission of the credit, which they now claim, of six hundred dollars represented by the Wheaton-Harris note. It is some corroboration of respondent's testi-

mony that, in appellants' letter of June 2, 1930, the only mention made of the note is with reference to its delivery to the respondent "to collect."

Upon the appellants was imposed the burden, which they did not sustain, of rebutting the presumption that the Wheaton-Harris-Thatcher note was accepted by the respondent as collateral security.

The judgment is affirmed.

TOLMAN, C. J., MAIN, HOLCOMB, and BEALS, JJ., concur.