[No. 23867.   Department One.   November 15, 1932.]

G. M. TUCKER, *as Administratrix, et al., Appellants,* v. J. P. GUERRIER, *et al., Respondents.*[1]

*P. C. Kibbe,* for appellants.

*W. N. Beal,* for respondents.

HOLCOMB, J.—This case is here on appeal from a judgment sustaining a demurrer to the third amended complaint and dismissing the action of appellants.

The third amended complaint, omitting formal and unessential parts, in effect, among other things, alleges that appellant Francis Marion Costley is a brother of Martha Susan Costley, whose name is now Martha Susan Meredith, and that they were heirs to certain described timber land consisting of about 84.43 acres of

[1]Reported in 15 P. (2d) 936.

land in Lewis county, Washington; that, on or about the year 1920, and before letters of administration had been obtained on the estates of their parents, and without the knowledge and consent of appellant Costley, J. P. Guerrier, unlawfully and without the permission or consent of any person having authority over the property, and unknown to appellant Costley, cut, removed, sold and converted all the merchantable timber upon the property, and thereby the estates of the heirs suffered loss and damage on account of the removal of the timber.

That respondents Guerrier continued to pay the other heirs until they learned of the claim of appellant Costley, who had been ill and absent in California nearly all that time; that, shortly after February 1, 1927, J. P. Guerrier told appellant Tucker, the administratrix, that he had been paying amounts due on the timber to the other heirs, but that it had come to his knowledge that appellant Costley had an interest in the timber, and that Guerrier had since held the sum of $922 to be paid to the estate or to whoever of the heirs was entitled to it; that he would so hold it until the court had determined to whom it should be paid and that he had, in fact, so held it since that time in trust for the real owner thereof, to be determined by the court. Attached to the complaint as an exhibit is a statement in words and figures as follows:

| "Nov 24 1920 | 76985 | Check No. 496 | 153.97 |
| "Dec 8 " | 200644 | " 584 | 401.29 |
| "Jan 17 1921 | 59514 | " 790 | 119.02 |
| | 337143 | | $674.28 |

"Jan, Feb, Mch. April 1921 1318110 90 Day Note Paid
1655253 Feet 2636.22

$3310.50

"Jan 10 1922  461000 Feet  $922.00  (Not Paid)

"We hold the cancelled checks covering item of $674.28 and also the 90 day note.

"O. A. Tucker

"The above is correct statement of Meredith Timber a/c next time I am in the city will call on you.

"Yours truly

"J. P. Guerrier"

Appellants further aver that, on or about and not before February 1, 1927, appellant, the administratrix, notified appellant Costley of the possession of the funds held in trust by respondents for the benefit of any person or persons to whom it belonged; that the sum of $922 is now held in the hands of respondents, and at all times since on or about February 15, 1927, they have failed and refused and still fail and refuse to account for or pay into the hands of the court, or to pay to the administratrix of the estates, that sum or any part thereof; that interest has accumulated upon that sum during the time it has remained in the hands of, and been converted by, respondents in the sum of $663.85; that such sums are the property of the estates and appellant Costley, and he is entitled to his share of the moneys under the laws of descent.

The trial court sustained the demurrer to this amended complaint on the ground that it was barred by Rem. Comp. Stat., § 159, limiting to three years an action for waste or trespass upon real property. This action was originally commenced in August, 1927.

Appellants contend that the action is one in equity to establish a trust, and that therefore it is not barred until the trust is repudiated; and that the situation is such that, under the pleadings, respondents can be held as trustees.

It is obvious that there was no confidential relation existing between these parties, and there is no fraud alleged, except as a result of the trespass committed

"on or about 1920" by unlawfully and without the permission or consent of any person having authority over the timber, "cutting, removing, selling and converting all of the merchantable property upon the land."

Appellants assert that, in this case, the statute of limitations did not run because the property was held in trust, and because a new promise was made that took the case out of the statute; and that the statute did not start running because the trust was not repudiated nor demand made.

The allegations above mentioned, to the effect that respondent J. P. Guerrier had made a statement, or promise, that he had received the money, alleged to be due appellants, without knowing that appellant Costley had any right or claim in it, and would thenceforth hold it in trust for whoever of the heirs should be entitled to it and until the court determined to whom it should be paid, was no more than an oral declaration, probably confirmatory, of the written instrument pleaded.

According to the allegations of this complaint, the taking of the timber ceased on or before January 10, 1922, or more than five years prior to the time respondent is alleged to have made the written statement. Hence, this action had been fully barred by the three-year statute of limitation at the time the statement was made. If the cause of action is to be revived, it must be based wholly on the written statement.

A new promise must be clear, distinct and unequivocal, as well as certain and unambiguous. The mere acknowledgment of a debt, or the expression of an intention to pay, is not sufficient to revive the debt. *Liberman v. Gurensky*, 27 Wash. 410, 67 Pac. 998; *Bank of Montreal v. Guse*, 51 Wash. 365, 98 Pac. 1127; *Thisler v. Stephenson*, 54 Wash. 605, 103 Pac. 987; *Coe*

*v. Rosene,* 66 Wash. 73, 118 Pac. 881, Ann. Cas. 1913C 741, 38 L. R. A. (N. S.) 577.

"But where the acknowledgment is made after the statute has already run, the action must be upon the new agreement, consequently it is in the nature of an original obligation and should be strictly construed. The debt being barred, it is possible that one may acknowledge it without intending to pay it. If this distinction is kept in mind most of the apparent inconsistencies in the cases will be cleared up." *Griffin v. Lear,* 123 Wash. 191, 212 Pac. 271.

It is at once apparent that the writing relied upon purports to be nothing more than "a correct statement of the Meredith Timber Account." There is nowhere anything in the nature of a promise to pay, or from which a promise to pay may be inferred. The most that can be said of it is that it is an acknowledgment that such an account actually existed in the past. It is more indefinite and indeterminate than alleged new promises set forth in the *Gurensky, Guse* and *Rosene* cases, *supra,* which were held insufficient, under our statute, to revive the debt.

The allegations in the complaint respecting the trust agreement on the part of respondents do not aid appellants. The agreement to revive the debt must, under Rem. Comp. Stat., § 176, be contained in some writing signed by the party to be charged thereby. It is plain that the allegations relied upon as to the trust on the part of respondents, being oral and not in writing, as required by the statute, can avail appellants nothing.

The judgment is affirmed.

TOLMAN, C. J., MITCHELL, PARKER, and MILLARD, JJ., concur.