[No. 27571. Department Two. November 3, 1939.]

JOHN WESLEY DOLBY, *Appellant*, v. M. E. FISHER *et al., Respondents.*[1]

[1]Reported in 95 P. (2d) 369.

182

*D. D. Mote* and *John Wesley Dolby,* for appellant.
*Colvin & Rhodes,* for respondents.

JEFFERS, J.—This is an appeal by plaintiff, John Wesley Dolby, from a judgment entered on the ver-

dict of a jury in favor of defendants, in an action brought on two promissory notes.

The amended complaint alleged, among other things, the execution and delivery of the two notes in question; that at different times, beginning about June 25, 1926, demands were made by plaintiff upon defendants for payment of the notes, and that certain payments were made by defendants, the last cash payment being on November 30, 1931; that, beginning in 1932, and continuing up to November, 1936, pursuant to further demands made by plaintiff for payment of the notes, defendants furnished merchandise to plaintiff, consisting of meat and dog food, which it was agreed should be considered as payments on the notes, and that plaintiff did give defendants credit on the notes for such merchandise to the extent of $37.39; that the last credit given on the notes for merchandise furnished was November 1, 1936; that defendants, at different times, agreed, both orally and in writing, to pay the notes, and especially agreed so to do by a letter dated August 16, 1929.

Defendants, by their answer, admitted the execution and delivery of the notes in question; denied that any itemized statement of account was ever furnished them; denied that they ever made any payments on the notes; and denied that they ever agreed, orally or in writing, to pay the notes. Defendants further alleged that any payments made to plaintiff and any letters written were in connection with, and referred to, some transaction other than the notes. Defendants further admitted that they furnished some meat and dog food to plaintiff, but denied that there was any understanding that such merchandise was to be credited on the notes, and further denied that they are indebted to plaintiff in any sum whatsoever. By way of a first affirmative defense, defendants alleged that

the notes sued on herein have been fully satisfied and discharged. For a further and second affirmative defense, defendants pleaded the six-year statute of limitations.

Plaintiff filed a reply, in which he denied generally the affirmative matter contained in defendants' answer, and as a further answer to defendants' second affirmative defense, alleged that, in 1937, he brought an action against defendants in the justice court for Seattle precinct, King county, Washington, being cause No. 3773; that in that action he recovered judgment against defendants; that, by the judgment, the justice court necessarily determined that the merchandise furnished by defendants to plaintiff had been allowed by plaintiff as a credit on the notes in question, and that such judgment became *res adjudicata* as to defendants' second affirmative defense.

This case was tried by a jury upon the issues made by the pleadings, and a verdict was rendered in favor of defendants. Motions for judgment notwithstanding the verdict and in the alternative for new trial were made and denied, and the court entered judgment on the verdict, January 3, 1939. This appeal followed.

Taking advantage of subd. 2, rule IX, Rules of the Supreme Court, 193 Wash. 10-a, appellant, at the time of filing his proposed statement of facts, filed a statement of points relied upon by him on appeal. The certificate of the trial judge is to the effect that the statement of facts contains all the evidence and testimony introduced upon the trial, upon which appellant relies on his appeal. In view of this record, appellant is entitled to base error only on the points raised by him in his statement, wherein he contends the court erred in giving instructions Nos. 5, 8, 9 and 11, and in refusing to give instruction No. 6 as proposed by appellant.

The facts in this case may be stated as follows: For a long time prior to August 2, 1921, and up until shortly before this action was instituted, a very close and intimate friendship existed between appellant and respondents, and at all times during this period appellant had been the attorney for respondents in all their various business deals. August 2, 1921, respondents Henry and M. E. Fisher executed and delivered to appellant a note for two hundred dollars, due thirty days after date, and on October 21, 1921, respondents executed and delivered to appellant a note for three hundred dollars, due thirty days after date. These are the notes involved in this action.

Sometime after the execution of the notes, appellant suggested to respondents that it would be advisable for them to permit appellant to incorporate a company to operate the business at Kirkland, and provide in the corporation set-up that the new corporation would assume and pay all the obligations incurred in the operations at Bellevue, including the two notes in question; and that, if this was done, appellant would thereafter look to the new corporation for payment of the two notes. Pursuant to such suggestion, respondents permitted appellant to prepare the necessary papers, and the Henry Fisher Canning Company, Inc., was duly incorporated. Appellant was given stock therein, and became secretary of the company. The minutes of the organization meeting of the corporation, prepared and signed by appellant, recited that, in consideration of the transfer to the new corporation of the business assets and good will of the cannery formerly operated at Bellevue, the new corporation assumed and agreed to pay all the obligations outstanding in connection with the unincorporated business of respondents.

The new corporation did a large business at Kirk-

land until its plant was destroyed by fire in 1925 or 1926, and during the years maintained a large bank account in Kirkland. At the time the plant burned, all checks and books of account were destroyed. Respondents testified that, while they could not give the definite date and time of payment, it was their belief that the notes had been paid in due course of business by the corporation between 1921 and 1926.

Appellant denied that the notes had been paid in full, but testified that he made repeated demands on respondents, and that certain cash payments were made, the last one being on November 30, 1931. Appellant further testified that, beginning in 1932, after demand made by him for payment of the notes, respondents furnished him certain meat and dog food, which it was agreed appellant should credit as payment on the notes; that respondents continued to furnish merchandise up to November 1, 1936, and credit therefor was given on the notes to the amount of $37.39. Appellant further testified that respondents repeatedly promised, both orally and in writing, to pay the notes, and that they especially promised to pay the balance due on the notes by letter dated August 16, 1929, written to appellant in answer to a letter written by him to respondents under date of July 29, 1929.

Respondents denied that they had personally ever made any payments on their notes or authorized any payments to be made. They further testified that they had never promised, either orally or in writing, to pay the notes; that any payments made to appellant were in connection with some other business transaction. They further testified that there was no agreement that the merchandise furnished by them was to be credited as payments on the notes; that they had considered such articles as gifts, and had not

thought of making a charge for them until appellant brought this action. Respondent Henry Fisher admitted writing the letter of August 16th, but testified it was not his intention thus to admit liability on the notes, nor did he intend to convey the idea that he would pay them.

We shall first discuss instruction No. 6, as proposed by appellant and refused by the court, which instruction is as follows:

"You are instructed, ladies and gentlemen of the jury, that the transcript of record and judgment rendered in the justice court before Guy B. Knott, justice of the peace, Seattle precinct, King county, Washington, in cause number 3773, and admitted in evidence in this case, in favor of John Wesley Dolby, the plaintiff in this cause, and against the defendants in this cause, M. E. Fisher and Laura Fisher, his wife, and Henry Fisher, is conclusive evidence that payments have been made by defendants, and credits allowed on the promissory notes in question, within six (6) years, and that this action is not barred by the statute of limitations; therefore, if you find from the evidence that the defendants M. E. Fisher and Henry Fisher signed and delivered the notes in question to plaintiff for a valuable consideration, then the question for you to determine is, what was the balance due plaintiff from the defendants on November 1, 1936, the date of the last credit to which defendants are entitled on said notes, and the interest on said balance after said credit, from November 1, 1936 to this date."

Appellant contends that the judgment rendered by Judge Knott, and the payment and satisfaction thereof by respondents, have effectually terminated that cause and all issues raised by the pleadings therein, and the judgment has become a finality and *res adjudicata,* and conclusively establishes that payments had been made within six years, by reason of merchandise furnished and the value thereof credited on the notes sued on in the instant case.

The record in Judge Knott's court, being cause No. 3773, shows that appellant, Dolby, sued respondents on two causes of action for legal services rendered, for the sum of twenty-five dollars. (When we refer hereafter to the parties to the action in Judge Knott's court, we shall refer to appellant in the instant case as plaintiff, and respondents as defendants.)

The defendants answered the complaint, admitted the value of the services performed, and pleaded affirmatively that they had furnished plaintiff Dolby certain merchandise, at his special instance and request, of the agreed and reasonable value of $76.65, which amount had not been paid, and for which they asked judgment. Defendants also furnished a bill of particulars, showing items of merchandise furnished plaintiff from January, 1932, to November 1, 1936. Plaintiff replied to defendants' answer and alleged that it was agreed the merchandise furnished by defendants should be credited on three notes of defendants, held by plaintiff, two of which were the notes sued on in the instant case, and that credit was given on the notes, the last credit being on November 1, 1936.

The judgment in Judge Knott's court shows that the case was called for trial December 20, 1937, all parties being present in court; that J. W. Dolby was sworn and testified on behalf of plaintiff, and that plaintiff rested; that defendants offered no testimony. The judgment further provides:

"It is therefore ordered and adjudged that the plaintiff herein, John Wesley Dolby, do have and recover of and from the defendants, M. E. Fisher & community composed of said defendant and Laura Fisher, his wife, Henry Fisher and community composed of said defendant and Rose Fisher, his wife, judgment on plaintiff's first cause of action in the sum of $15.00 and interest of $1.35, and on the second cause of action in

the sum of $10.00 and interest of $1.40, together with costs . . ."

It will thus be seen the recovery allowed plaintiff in justice court was merely for the value of the services he had rendered, and no mention is made of any credits allowed by virtue of the merchandise furnished by defendants. In other words, it does not appear from the judgment that, at the trial, there was anything submitted to the court but the question of the services of plaintiff; nor was it necessary that the matters set up in defendants' cross-complaint be considered or passed upon to enable the court to arrive at the judgment entered. Defendants offered no testimony, so there was nothing upon which the court could have based a judgment relative to the allegations in the cross-complaint. Had the justice court attempted to enter a judgment the effect of which would have been as contended for by appellant, we are satisfied it would have been acting without jurisdiction, and that such judgment would not have been *res adjudicata*, in so far as it purported to give credit on the notes in the instant case, because of merchandise furnished. See 34 C. J. 758, §§ 1168, 1169.

We can agree with appellant that the general rule is that the plea of *res adjudicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and this regardless of whether the defendant appears and defends or allows the judgment to go by default. It is also the rule that issues which are not material to the controversy, although determined, do not become *res adjudicata, McGee v. Wineholt,* 23 Wash. 748, 63 Pac. 571; and that that only is deemed to have been adjudged in a former judgment which appears upon its face to have

been adjudged, or which was actually and necessarily included therein, or necessary thereto. *State v. Roberts*, 151 Wash. 61, 275 Pac. 60.

█ Appellant next contends the court erred in giving instruction No. 5, which reads as follows:

"In order to remove the bar of the statute of limitations, a new promise must be clear, distinct, unequivocal, certain and unambiguous. A mere acknowledgment of a debt or an expression of an intention to pay is insufficient to revive the debt."

We think the instruction was a proper statement of the law, under the facts herein. See *Tucker v. Guerrier*, 170 Wash. 165, 15 P. (2d) 936, and cases therein cited.

█ Appellant next objects to instruction No. 8 as given, which is as follows:

"If you find from the evidence in this case that certain merchandise was delivered or turned over to the plaintiff by the defendants, but that said merchandise was intended as a gift, or that said merchandise was delivered to the plaintiff without any intention on the part of the defendants that the value of said merchandise should be applied as payment on either of the two notes involved in this suit, and if you further find from the evidence that in other respects the statute of limitations has run against said two notes, then your verdict in this case should be for the defendants."

Appellant contends this instruction was unjustified and prejudicial, for four reasons: (1) There was neither allegation nor inference in the pleadings "that said merchandise was intended as a gift;" (2) there is no evidence in this case "that said merchandise was intended as a gift;" (3) appellant's amended complaint and reply show the merchandise was not intended as a gift, but that appellant was to be charged the reasonable value thereof; (4) the judgment in the justice court renders that question *res adjudicata*.

We have heretofore disposed of appellant's fourth

contention, and nothing more need be said in regard to it.

It is true appellant did allege in his complaint and in his reply that it was understood that appellant was to be charged for the merchandise furnished by respondents, and credit given therefor on the notes in question, and, while appellant testified as alleged in his complaint, respondent Henry Fisher testified as follows:

"Witness was shown bill of particulars contained in plaintiff's exhibit 7 and stated that the merchandise referred to therein was delivered to Mr. Dolby but was not delivered as payment on the notes; and that there was no intention to charge for the merchandise set forth in the bill of particulars until Mr. Dolby started suit against the defendants."

We think it thus became a question of fact as to whether the merchandise was delivered to appellant as payment on the notes or as a gift, and that the instruction was therefore proper, under the rule as announced in *Pinnell v. Copps*, 149 Wash. 578, 271 Pac. 882.

Instruction No. 9 states:

"You are instructed that lapse of time raises a presumption of payment of the debt. By this is meant that the law presumes a debt to be paid from the mere fact that time has lapsed since the obligation became due."

We think the instruction was a correct statement of the law. 8 C. J. 1013, § 1318. See *Graves v. Stone*, 76 Wash. 88, 135 Pac. 810, Ann. Cas. 1915D, 182.

Appellant contends the instruction is erroneous because of the lack of any evidence showing payment of the notes by respondents. It is true respondents did not claim or offer proof of payment, other than by showing the agreement, which was not denied by appellant, whereby appellant became obligated to look

192

to the corporation for payment of the notes. This testimony went to the jury, together with other testimony to the effect that the respondents believed the notes had been paid by the corporation, and that no demand had been made upon them for payment until after the statute of limitations had run. This testimony was offered for the purpose of showing that, by the agreement, the liability of payment was shifted from respondents to the corporation. When this testimony, which we think was properly received under the rule announced in *Gattavara v. Caldwell,* 168 Wash. 484, 12 P. (2d) 593, is considered in connection with the fact that almost sixteen years had elapsed from the time the notes matured until this action was instituted, we think there was a sufficient basis in fact for the instruction.

Instruction No. 11, upon which appellant predicates error, is as follows:

"I instruct you that the letter dated August 16, 1929, plaintiff's exhibit 13, is not a sufficient writing to revive the obligation of said note, and if you find from the evidence that the statute of limitation has run against said notes, except for said letter dated August 16, 1929, plaintiff's exhibit 13, then I instruct you that your verdict in this action should be for the defendants; and I further instruct you in connection with said letter that said letter would not have the effect of reviving or preventing the statute of limitations from running except as to the person who signed that letter and would not revive said notes as to M. E. Fisher or Laura Fisher, his wife.

"If you find that exhibit 13 is in answer to another letter, exhibit XI, or other communications between the parties, you may consider the instruments together, in arriving at your conclusion."

The instruction refers to a letter dated August 16, 1929, written by respondent Henry Fisher to appellant, which states:

"Mr. Dolby

"Dear Sir:

"I am in receipt of both of your letters and I note what you have to say. The reason for not answering your mail is that I have been working nights and long shifts. Now I have taken the matter up with Mr. Broder and he has told me that when his season is over then he will consider same. In regards to money he is not paying me such a large salary and the only reason I am staying is for the cannery sake. Otherwise I would send you money but I haven't any. In fact it takes all for living I am sorry I cannot help you out at this time. But as soon as I can I will.

"Yours truly,

HENRY."

Appellant contends this letter was in answer to a letter written by him to respondent Henry Fisher under date of July 29, 1929, to which we will hereinafter refer; and that, by the letter of August 16th, respondents acknowledged in writing their liability on the notes and agreed to pay same. Respondent Henry Fisher testified that, while the letter of August 16th may have referred to the notes in question, it was not his intention by this letter to admit any liability on the notes, nor did any reference therein to money refer to payment of the notes. It is apparent from the dates of the letters mentioned that they were written long after the maturity of the notes and after the statute of limitations had run, unless, of course, the statute had been tolled by a payment or payments voluntarily made.

This court has recognized the distinction between acknowledgment of liability on notes and promises to pay same made prior to the running of the statute of limitations and promises made after the statute has run. In *Liberman v. Gurensky*, 27 Wash. 410, 67 Pac. 998, we stated:

"The tendency of modern decisions has been to construe the statute more liberally in favor of debtors, and not to torture vague expressions into acknowledgments or promises when the language does not clearly impart such construction."

In the cited case, we quoted from *Sears v. Hicklin*, 3 Colo. App. 331, 33 Pac. 137:

"Although, after a new promise, the action can be maintained upon the original consideration, recovery can only be had upon the new contract to pay; hence, it must have the necessary elements of a contract. It must be a full recognition of the indebtedness evidenced by the note, and a promise to pay that particular debt. . . . A general admission of indebtedness would not answer the purpose."

We stated in *Tucker v. Guerrier*, 170 Wash. 165, 15 P. (2d) 936:

"A new promise must be clear, distinct and unequivocal, as well as certain and unambiguous. The mere acknowledgment of a debt, or the expression of an intention to pay, is not sufficient to revive the debt."

In the cited case, we find the following quotation from *Griffin v. Lear*, 123 Wash. 191, 212 Pac. 271:

"But where the acknowledgment is made after the statute has already run, the action must be upon the new agreement, consequently it is in the nature of an original obligation and should be strictly construed. The debt being barred, it is possible that one may acknowledge it without intending to pay it."

We agree with the trial court that the letter of August 16th, even when read in connection with the letter of July 29th, was not such an acknowledgment and promise to pay as would toll the statute of limitations. We think the trial court, in his memorandum opinion, properly summed up the contents of the two

letters, when he stated, referring first to the letter of August 16th:

"An examination of this short answering letter discloses that it can not be said to include: (1) Any proper admission as to any sum which the writer conceded as then being payable; (2) Any statement as to the time when any sum would be payable; (3) Any definite statement of confessed liability.

"The original communication written by the plaintiff to this defendant, which the above letter was intended to answer or not answer, as might be the purpose or intent of the writer, contains the following comparative statements. The letter of Dolby refers to: (1) Balance due on two notes, one dated August 2, 1921, and another August 21, 1921; (2) Interest to be computed on these notes; (3) Discusses the loss of $3,000 due to the failure of the Columbia River Can Company; (4) The writer (plaintiff) asks the defendant 'to raise me $250 now, and also see if you can't get Broder to do something for or with the Kalama proposition.' "

We think the instruction fairly states the law applicable to the facts herein, especially when considered in connection with instruction No. 6 as given by the court.

The judgment is affirmed.

BLAKE, C. J., BEALS, STEINERT, and GERAGHTY, JJ., concur.